## BOOR *v.* MOSCHELL.

*(Supreme Court, General Term, Fifth Department.* December 30, 1889.)

1. EVIDENCE—BOOKS OF ACCOUNT—HEARSAY.

In an action on a note, the genuineness of which is disputed, defendant cannot prove that his books do not show the existence of the debt for which the note is alleged to have been given, or that his bill-book contains no memorandum of such a note, as defendant's entries, or omission to enter items, on his books, of which plaintiff had no knowledge, could not prejudice him.

2. SAME—EX PARTE STATEMENTS.

Evidence of an agreement between defendants tending to exonerate one of them from liability for plaintiff's alleged debt, of which agreement plaintiff had no knowledge, is inadmissible.

Appeal from circuit court.

Action by Sophia Boor against Frederick Moschell. There was a judgment for defendant, and plaintiff appeals. For former report, see 1 N. Y. Supp. 731.

Argued before BARKER, P. J., and DWIGHT and MACOMBER. JJ.

*Fanning & Williams,* for appellant. *J. & Q. Van Voorhis,* for respondent.

BARKER, P. J. The defendant, Moschell, was sued in this action, as a member of the firm of Boor & Co., upon a promissory note dated February 17, 1883, alleged to have been made and delivered to the plaintiff by the defendant's firm to secure the payment of $1,000, that day loaned to said firm by the plaintiff. The firm of Boor & Co. was composed of the defendant, Moschell, and Charles E. Boor, the son of the plaintiff. All the allegations of the complaint were denied by the defendant, Moschell, except the copartnership. Charles E. Boor having died pending the litigation, this action was continued against this present respondent as the survivor of the copartnership. There was abundant evidence in the case of the fact that the plaintiff actually paid

and advanced the money in question to the defendant's firm.    The defendant, however, sought to defeat a recovery by the plaintiff on the theory that no note was in fact ever given the plaintiff as alleged, and, if it were so given, Charles E. Boor, by whom the firm name was signed, had no right to execute the note, because his power to sign the firm name to negotiable paper was expressly withheld by the articles of co-partnership between him and the appellant, and we assume it was argued to the jury that, owing to the relationship of the plaintiff to the parties, she knew of the restriction placed on her son's right of making notes, although we can find no direct evidence in the case showing any notice of that fact.    The defendant put in evidence, over the objection and exception of the plaintiff's counsel, certain entries appearing in the books of the defendant's firm of Boor & Co.    The defendant's counsel showed, among other things, entries in said books of account, purporting to represent moneys advanced both on February 17, 1883, and at various other dates, by the plaintiff to the defendant's firm.    The defendant also called as a witness an expert accountant, who stated that he had examined the books of the firm with a view of getting at the condition of the accounts, and had made a statement of the moneys drawn from the firm by the plaintiff; and the defendant was allowed, not only to put in evidence the book of entries, but the statement compiled by the witness from the books.    The witness was also permitted to testify that he could find no mention or entry of this $1,000 advanced "as a note."

All this class of evidence was objected to by the plaintiff's counsel as incompetent and immaterial, and we are of the opinion that the plaintiff's exception to its admission is fatal to the judgment in this action.    The plaintiff's right ought not, and cannot be prejudiced by any entries the defendant's firm may have made, or omitted to have made, in their books.    In offering the bill-book of the firm in evidence, the defendant's counsel stated he offered it for the purpose of showing that the note in question did not appear on the bill-book; and we assume that he argued before the jury, as he stated in his brief on this appeal, that, had the note in question been in existence, it would have been entered in the bill-book.    The very argument shows the impropriety and incompetency of the evidence as against this plaintiff.    The defendant could not charge the plaintiff with entries made without knowledge or assent of the plaintiff; nor could they escape liability by a failure to make the proper entry or memorandum.    All such evidence has been uniformly regarded as hearsay in character, and should have been rejected by the court. *Mason* v. *Wedderspoon*, 43 Hun, 20; *Vaughn* v. *Strong*, 4 N. Y. Supp. 686; *Paine* v. *Ronan*, 6 N. Y. St. Rep. 420; *Churchman* v. *Lewis*, 34 N. Y. 444. It was equally erroneous for the court to admit evidence of a conversation between the defendants tending to show an agreement between them that Charles E. Boor was to have $1,000 of his mother, and Moschell was also to have money from his wife, to put into the business as capital.    It is not pretended the conversation was in the presence of the plaintiff, or that she ever had any knowledge of the talk, and the plaintiff's objection to the evidence should have been sustained.    The judgment and order appealed from should be reversed, and a new trial granted; costs to abide event.    All concur.