(22 App. Div. 395.)

BERGEN et al. v. HITCHINGS.

(Supreme Court, Appellate Division, Second Department.    November 30, 1897.)

1. ACCOUNT STATED—IMPEACHMENT.
    An account stated, while establishing prima facie the accuracy of the items without further proof, is not a finality, and may be impeached for fraud or mistake.

2. SAME—ACTION—PLEADING.
    Where an account stated is once shown, in an action on it, to have errors, it may be further attacked, even in respect to items not specifically set up in the answer.

3. CONTRACT OF EMPLOYMENT—ACCOUNTING.
    Plaintiffs, wholesale grocers, employed defendant as traveling salesman, and agreed to pay him one-third of the profits of his sales. *Held* that, in computing profits, defendant is entitled to share the benefit of any discounts obtained by plaintiffs on cash purchases.

Appeal from judgment on report of referee.

Action by George W. Bergen and another against John M. Hitchings. From a judgment for plaintiffs on report of a referee, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Hector M. Hitchings, for appellant.
Horace Secor, Jr., for respondents.

GOODRICH, P. J.    The plaintiffs, wholesale grocers in the city of Brooklyn, in January, 1893, made an agreement with the defendant whereby they employed him as a traveling salesman; his compensation to be one-third of the profits on certain sales of goods made by him,—he to bear one-third of the losses on all such sales.    The parties differ on the question whether the agreement was to cover all sales made within the defendant's territory, namely, all of Long Island east of Huntington, or only such sales as might be made or induced by the defendant.    The terms of the agreement are contained in a letter written by the plaintiffs to the brother of the defendant on January 16, 1893, as follows:

"Dear Sir: Mr. John M. Hitchings has taken the position as traveling salesman and collector in Suffolk Co., Long Island, for our house. His terms of employment are: One-third of the profit of his sales, and is responsible for one-third of the losses he may make. He is also to collect bills for the house in his trade, and make truthful returns of the same to us. He is to provide us with a bond for $3,000.00 for the faithful performance of his duties in every particular."

The defendant commenced his work in January, 1893, and continued in the employment of the plaintiffs till March, 1895.    In January, 1894, an account for the year 1893 was rendered to the defendant, which showed him to be indebted to the plaintiffs in the sum of $864.89.    In January, 1895, another account for the year 1894 was rendered to the defendant, showing him to be indebted to the plaintiffs, including his indebtedness of January, 1894, in the sum of $1,374.27, for which sum the defendant gave his promissory note on January 2, 1895.    The defendant voluntarily left the employment of the plaintiffs in March, 1895, when a new account was made up, showing

the further indebtedness of the plaintiff for transactions during 1895, in the sum of $197.65. The plaintiffs in January, 1894, agreed to allow the defendant an additional compensation from that date of $500 per annum, and in the complaint gave him credit for $611.08 for the period between January 1, 1894, and March, 1895. There was also an additional deduction made for the partial payment of the indebtedness of Herrick & Atkins, one of the firm's debtors, which had been included in the first account, and one-third of which payment was credited to the defendant. The issues were referred to Hon. Garret J. Garretson, who heard all the testimony, but was elected a justice of this court before making his report; and, by consent of the parties, another referee was appointed to decide the issues upon the evidence already taken, and he reported in favor of the plaintiffs, upon the lines stated, for the sum of $1,455.50. From the judgment entered upon this report, the defendant appeals.

This court is deprived of the benefit of the referee's opinion deduced from the appearance and demeanor of the witnesses before him, and we have therefore examined with somewhat more than ordinary care the evidence in the record, and are compelled to differ from him in some of his findings of fact. We agree with him that the account of January 1, 1895, became an account stated. This, however, only temporarily shifts to the defendant the necessity of proof as to the alleged fraud or mistake. In a certain sense, the parties occupied a confidential relation to each other. Especially is this true of the plaintiffs' dealings in the purchase of goods, and entries of the cost of the same in their books, which, being under their own control, cannot be considered as absolutely binding upon the defendant. The doctrine of account stated is that it is an agreement between parties, who have had previous pecuniary transactions, that the items are true, and the balance struck is correct, coupled with an implied promise for the payment of such balance. It cannot be held in any court of justice that where an account has been stated, and even where a note has been given by the debtor for the balance stated, a party cannot be permitted to show fraud or mistake in the account. It is true that the party claiming error must establish the existence of such error, but it has never been held that an account stated is a finality.

In Young v. Hill, 67 N. Y. 172, Judge Allen defines clearly the principle of an account stated:

"Upon a statement of account, and of a balance due between merchants, the law implies a promise, for the reason that the several items, when established, constitute legal demands of the respective parties against each other, upon which an action would lie, and the acknowledgment is an admission of the correctness of the items of debit and credit resulting in the stated balance. The right of action as upon a promise to pay necessarily follows. In such case there is no estoppel. The account may be impeached for errors or mistakes. It merely establishes, prima facie, the accuracy of the items, without further proof. Lockwood v. Thorne, 18 N. Y. 285. If it appear that any of the charges are not, in law or in equity, proper claims against the party debited with them, no promise to pay will be implied, in respect to the balance into which they enter, and of which they are a part."

The plaintiffs contend that the items which are attacked in an account stated should be specifically set up in the answer. Some of the

48 N.Y.S.—7

items are so stated; and where such an account is once shown to have errors, either by fraud or mistake, it would be monstrous to hold that it cannot be otherwise impeached. The omission to object to an account only raises a presumption of its correctness, which may be rebutted by proof of any circumstances tending to a contrary inference. It is not an estoppel.

The defendant attacked the account for several reasons: First. That he was charged with his share of a loss which had occurred by the failure of the firm of Herrick & Atkins, which was indebted to the plaintiffs for goods which were sold both before and after the defendant's employment, on January 1, 1893. It appears that on January 1, 1893, Herrick & Atkins owed the plaintiffs $965.37. Subsequently the defendant sold them goods amounting to $1,567.08, and they paid on account $1,259.13, which was credited on the plaintiffs' books as a general payment, extinguishing the items of the account in the order of their priority. Afterwards Herrick & Atkins failed, and still later their assignee paid $547.38, leaving, however, a balance of the entire claim unpaid. Second. Schwartz owed the plaintiffs $160.31 when the defendant began his employment, and subsequently bought additional goods to the amount of $2,082.04, and paid $1,-583.54, and is now insolvent. Of these two losses, one-third was charged against the defendant in the accounts, and he contends that all payments made during his term of service should be credited against sales made during the same period, and not against previous purchases. Without discussing the doctrine of the application of payment by the creditor to the first items of an account, it is sufficient answer to the defendant's contention to say that Herrick & Atkins gave notes for their previous indebtedness, and Schwartz paid his previous indebtedness; that both these losses were charged to the defendant in the accounts; and that he gave his note to the plaintiffs with full knowledge of these transactions. Either within the doctrine of application of payments or ratification, the defendant is liable for his share of the two losses. Third. The defendant also contends that he was to have his share of profits on all sales made within his territory, whether they were, or were not, made by him. We do not find from the testimony that such was the agreement, and the referee has found otherwise. Fourth. The agreement between the parties was that the defendant should have one-third of the profits on his sales. By this we understand that the goods were to be charged at cost prices, and the difference between that price and the amount received on sales was to constitute the profits. This is clearly the effect of the contract set out in the letter of January 16, 1893. The defendant testified without contradiction that the plaintiffs were "to pay the expenses of the store, clerk hire, and all those things and expense of hiring money"; "the expense of the capital invested in the business." It appears that the plaintiffs purchased goods by terms of sale which gave them the option of a period of credit, or a certain discount if paid in cash; that in many instances they took advantage of the cash payment, but, in charging the goods in the defendant's account, they charged them at the invoice price, without any allowance for the discount for cash. We think that by the contract with the

defendant the plaintiffs were bound to allow him the benefit of any discount which they obtained; that they should have charged him with the sums actually paid for the goods; and that such was the agreement between the parties.

The plaintiffs contend that the accounts rendered in 1894 and 1895 became accounts stated, and that the defendant is precluded thereby. Even conceding that to be the fact, it is clear that an erroneous system of stating the price of goods was used by the plaintiffs, but the defendant was not aware of the fact until after he gave the plaintiffs his note, and justice requires the correction of the error. The judgment must be reversed, and a new trial granted. All concur.