### BERNSTEIN v. HOLTZ.

(Supreme Court, Appellate Term.   April 22, 1901.)

SALES—ACTION FOR PRICE—EVIDENCE—MATERIALITY.
    Where the issue was whether defendant had directed goods to be deliv-
    ered on his credit to another, and plaintiff's evidence that defendant
    had made payments on account of the goods in cash was contradicted by
    defendant, who testified that he never paid his bills except by check,
    there was no error in excluding his check books, offered to corroborate
    his testimony, since the fact that he drew checks in payment of his bills
    had no bearing on the question whether, in a particular instance, he
    did or did not pay cash.

Appeal from municipal court, city of New York, Second district.
Action by Isaac Bernstein against William Holtz.   From a judg-
ment for plaintiff, defendant appeals.   Affirmed.

Argued before BISCHOFF, P. J., and CLARKE and LEVEN-
TRITT, JJ.

Levy & Myer, for appellant.
Aaron Morris, for respondent.

BISCHOFF, P. J.   The issue was whether the defendant was the
proprietor of the store at which his meeting with plaintiff's assignor
took place, and whether he did in fact direct the latter to deliver
goods, upon his credit, to that place, at the order of his relative, Laski.
Upon this issue the affirmative was supported by the testimony of
Laski and of the plaintiff's assignor, and there are no extraneous cir-
cumstances whatever from which the court should necessarily infer
that the defendant's denial was more probably true.   There was no
error in the exclusion of the defendant's check books, offered in evi-
dence to corroborate his testimony that he never paid his business
expenses except by check; this testimony being opposed to the state-

ment of the plaintiff's assignor that the defendant had made payments, on account of the goods, in cash. Certainly, the fact that the defendant drew checks in payment of his bills, to whatever number, could not bear upon the question whether, in a particular instance, he did or did not pay cash.

The judgment should be affirmed, with costs. All concur.

Judgment affirmed, with costs. All concur.