HALL v. NEW YORK BRICK & PAVING CO.

(Supreme Court, Appellate Division, First Department. June 10, 1904.)

1. ACCOUNT STATED—EVIDENCE—MEETING OF MINDS.

Where plaintiff sued on an account stated, but the proof wholly failed to show that there had been a meeting of minds as to the balance due, the complaint was properly dismissed.

Appeal from Trial Term, New York County.

Action by Frank B. Hall against the New York Brick & Paving Company. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Charles J. Hardy, for appellant.
J. Burnet Nash, for respondent.

¶ 1. See Account Stated, vol. 1, Cent. Dig. § 17.

McLAUGHLIN, J.   This action was brought to recover upon an account stated.  The complaint charged that a firm of which the plaintiff is the liquidating partner was dissolved in January, 1898, and "that at or about the time of such dissolution the mutual accounts of said firm  *  *  *  and this defendant were settled, stated, and adjusted;  *  *  *  that upon such statement and settlement of the mutual accounts of the said late firm and of this defendant there was shown a balance due from this defendant to the said firm of $1,718.55; that a portion of this $1,718.55 was agreed to be immediately due the said late firm, and the remainder  *  *  *  upon the payment to this defendant of certain accounts; and this defendant promised to pay said entire sum of $1,718.55 upon payment of such accounts," which had been paid, and judgment was demanded for $1,718.55, with interest.  The answer put in issue the allegation of the complaint that there had been an accounting between the parties and a balance found due as therein alleged.  At the trial, at the conclusion of plaintiff's case, the complaint was dismissed, the trial court holding that plaintiff had failed to make out the cause of action alleged. Judgment was subsequently entered to this effect, from which plaintiff has appealed.

That the action was brought to recover an account stated is apparent not only from the allegations of the complaint, but also from the theory upon which the action was tried.  What constitutes an account stated is clearly stated by Judge Earl in Stenton v. Jerome, 54 N. Y. 480.  He said:

"But what is an account stated?  It takes two parties to make one—the debtor and creditor.  There must be a mutual agreement between them as to the allowance and disallowance of the respective claims, and as to the balance as it is struck upon the final adjustment of the whole account and demands of both sides.  Their minds must meet as in making other agreements, and they must both assent to the account and the balance as correct."

What is necessary to be proved in order to maintain such an action is clearly and concisely stated in Volkening v. De Graaf, 81 N. Y. 268.  "To maintain the action," says Judge Folger, "as averred in the complaint, the plaintiff must prove an account stated.  That, and nothing else, will support his allegations.  An account stated is an account balanced and rendered with an assent to the balance, express or implied; so that the demand is essentially the same as if a promissory note had been given for the balance."  The cause of action upon an account stated is based entirely upon an agreement that the amount sought to be recovered was found to be due after a mutual adjustment of the accounts between the parties, and that there was then either an express or implied promise to pay it.  The right to a recovery depends in no way upon the obligation originally created when the items of indebtedness arose, and for that reason it is unnecessary in such an action to set forth in the complaint or prove upon the trial the subject-matter of the original debt.  Schutz v. Morette, 146 N. Y. 137, 40 N. E. 780.  Where a balance has been found, there need not be an express assent to pay it, but that fact may be implied from circumstances.  Spellman v. Muehlfeld, 166 N. Y. 245, 59 N. E. 817.  Here the trouble with the plaintiff's case is that

he failed to prove that the parties had agreed upon a balance. The evidence shows that they had negotiations looking to that end, but they never culminated in an agreement which received the assent of both parties. The plaintiff, through his attorney, prepared a proposed agreement settling the accounts, which the defendant refused to execute, but instead prepared another agreement, which the plaintiff refused to execute. It is true the agreement as proposed by defendant shows a balance of $794.55 due the plaintiff's firm, and, while such statement might be used for the purpose of establishing an indebtedness in that amount if the action were brought to recover a balance of account, it cannot be used for the purpose of showing the parties mutually agreed upon a balance of $1,718.55, because the agreement was not executed, and no evidence was offered which tended to show that their minds had ever met upon such balance. A fair consideration of the plaintiff's testimony, as well as that of his attorney, shows there never was a final adjustment of all the items of the account; that the parties never agreed upon a balance, and an account was never stated between them. My conclusion, therefore, after a careful consideration of the record, is that the evidence at the conclusion of the trial would not have justified a finding that the defendant ever assented, either expressly or impliedly, that it was indebted to the plaintiff's firm in the sum of $1,718.55, or that it would pay it. No amendment of the complaint was asked, and the trial court was right in dismissing the complaint for a failure to prove the cause of action alleged.

The judgment appealed from, therefore, must be affirmed, with costs. All concur.

Argued before HATCH, McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.