(101 App. Div. 468.)

## DELABARRE v. McALPIN.

(Supreme Court, Appellate Division, First Department. February 17, 1905.)

**1. ACCOUNT STATED—NATURE OF ACTION.**

An action upon an account stated is a new and distinct cause of action from the original liability, based upon a promise, expressed or implied, to pay a specific amount, and the consideration, therefore, is the original transaction between the parties.

**2. SAME—ACQUIESCENCE IN ACCOUNT.**

An account stated may be shown by parol agreement or mere acquiescence from which a promise to pay will be implied by law.

**3. LIMITATIONS—ACTION ON ACCOUNT STATED.**

Where a complaint on an account stated shows that the items of the account extend over more than seven years, and the account is not necessarily shown to be an open mutual running account, and is not shown to be in writing or assented to in writing, as required by Code Civ. Proc. § 395, in order to take the items of the account out of the operation of limitations, and there is no allegation of an adjustment of differences constituting a consideration for the payment of outlawed claims, the plea of limitations may be interposed to those items against which the statute had run.

**4. SAME—SUFFICIENCY OF PLEA.**

In an action on an account stated a plea that all the items in the account are barred by limitations is insufficient as a plea of limitations to individual items of the account against which the statute had run when the account was stated, but the plea should be directed specifically to the items claimed to be outlawed.

Appeal from Special Term, New York County.

Action by Walter E. Delabarre against George S. McAlpin, as executor of Sarah G. Nafew, deceased. From an interlocutory judgment sustaining a demurrer to certain paragraphs of the amended answer, defendant appeals. Affirmed.

See 75 N. Y. Supp. 178; 76 N. Y. Supp. 301.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Percy L. Klock, for appellant.
Alexander Thain, for respondent.

LAUGHLIN, J. The complaint contains two counts: The first is for the recovery of the sum of $2,120 for medical services rendered to the decedent between the 1st day of January, 1894, and the 9th day of March, 1901; the second is to recover the same amount on an account stated, and evidently was intended to relate to the same services. It is alleged that the account was stated between the plaintiff and the decedent on the 19th day of March, 1901, and that it was for medical services rendered by the plaintiff to her "between June, 1894, and March, 1901," and that on the statement of the account said amount was found to be due to the plaintiff, and that she promised and agreed to pay the same. It is not alleged that the decedent's assent to the account was in writing or that her promise or agreement to pay the same was in writing. The defendant in his answer to the first cause of action denies the material allegations thereof,

and interposes the statute of limitations as a defense to the charges for services rendered prior to the 14th day of December, 1896, which date is seven years and six months prior to the commencement of the action. This manifestly is upon the theory that the six-years statute of limitations applies, there being an allowance of one year and six months on account of the decedent's death. In his answer to the second cause of action the defendant puts in issue the material allegations of the complaint concerning the same, and "for a second, separate, further, and as a partial defense to the second cause of action defendant further shows and alleges (5) that all charges for services alleged to have been rendered by plaintiff to defendant's testatrix Sarah G. Nafew prior to December 14, 1896, are barred by the statute of limitations." The plaintiff demurred to that part of the answer pleading the statute of limitations as a second, separate, further, and partial defense to the second cause of action upon the ground that the same is insufficient in law upon the face thereof.

As already observed, the second cause of action is upon an account stated, and as the account is alleged to have been stated within four years of the commencement of the action it is manifest that no statute of limitations has run against the same. The plea of the statute of limitations, if made with respect to the cause of action as shown by the account stated, is therefore clearly insufficient in law. It is well settled that an action upon an account stated is a new and distinct cause of action from the original liability, based upon a promise, express or implied, to pay a specific amount, and the consideration therefor is the original transaction between the parties. Schutz v. Morette, 146 N. Y. 137, 40 N. E. 780. As to such cause of action it is clear, I think, that there are only two theories upon which the statute of limitations could in any event apply. The one is that it had run against the account stated from the time the same was stated—which, as has been seen, it had not done here—and the other is that at the time the account was stated the statute had run against some or all of the items of the account, and in that event the defense would only be good in case the promise to pay was not in writing. Code Civ. Proc. § 395. As has been seen, the plaintiff does not show that the account was assented to in writing, or that the promise to pay the same was in writing, and the plaintiff may be able to show an account stated by parol agreement or mere acquiescence on the part of the decedent from which the law would imply a promise to pay. Lockwood v. Thorne, 18 N. Y. 285; Samson v. Freedman, 102 N. Y. 699, 7 N. E. 419; Jugla v. Trouttet, 120 N. Y. 21, 23 N. E. 1066; Hall v. New York Brick Paving Co., 95 App. Div. 371, 88 N. Y. 582. It is manifest, therefore, that if the statute of limitations be a defense to any or all of the items embraced in the account stated the defendant should be at liberty to plead the statute, and thus be prepared to avail himself of that defense in case the plaintiff establishes his account stated without establishing a promise on the part of the decedent in writing to pay the same. While it is true that the action upon an account stated is a new and independent cause of action, it does not follow that the defendant is debarred from availing himself of the statute of limitations as a defense to some or all of the items

that entered into the account. It is to be borne in mind that there is no plea of an adjustment or settlement of differences between the parties which might afford a good consideration for the payment of an outlawed claim. The items of the account and the balance shown may have been correct, and the decedent may have assented thereto verbally or have silently acquiesced therein, and by the plea of the statute of limitations her executor is not questioning the correctness of the account or the correctness of the balance shown thereby. It appearing on the face of the complaint that the items of the account extended over a period of more than seven years prior to the time the account was stated, and it not necessarily appearing that it was an open mutual running account, against which the statute of limitations would not run until the date of the last item, it is evident, I think, that the plea of the statute of limitations might be interposed if directed to those items against which it had run at the time the account was stated. This would be entirely consistent with the cause of action as alleged in the complaint, for the correctness of the account would not be thereby necessarily questioned. If the account was stated as alleged, the statement of it may have shown items then outlawed, and as to such items surely the law will not imply a promise to pay that will constitute a waiver of the statute of limitations, which the Code provides in effect may only be waived in writing. I am of opinion that the statute of limitations, if thus pleaded, would be a good defense as to the items which were outlawed at the time the account was stated, and that the balance of the account could be reduced by the amount of those items, precisely in the same manner as if the defendant had attacked the correctness of the account, which latter course is clearly authorized. Bucklin v. Chapin, 1 Lans. 443; Young v. Hill, 67 N. Y. 162, 23 Am. Rep. 99; Jones v. Ennis, 18 Hun, 452; Chace v. Trafford, 116 Mass. 529, 17 Am. Rep. 171; Boynton v. Moulton, 159 Mass. 248, 34 N. E. 361; Wald v. Arnold, 168 Mass. 134, 46 N. E. 419; Ballard v. Beveridge, 171 N. Y. 194, 201, 63 N. E. 960; Bergen v. Hitchings, 22 App. Div. 395, 48 App. Div. 96; Jorgenson v. Kingsley (Neb.) 82 N. W. 104. This plea of the statute of limitations apparently was not interposed upon that theory, although it is now sought to be sustained thereon. I am of opinion that it is insufficient. Manifestly it has been interposed upon the theory either that the plaintiff will fail to show an account stated, in which event the plaintiff cannot succeed on that cause of action, or upon the theory that the account stated did not bar the running of the statute upon the items involved therein, which is erroneous. It is interposed with reference to the cause of action as pleaded, and should have been directed specifically to those items involved in the account which were charges for services rendered more than six years prior to the statement of the account.

It follows, therefore, that the interlocutory judgment should be affirmed, with costs, but with leave to the appellant to amend upon payment of the costs of the appeal and of the demurrer.

All concur, PATTERSON, J., in result.