### LORD & TAYLOR v. HATCH.

(Supreme Court, Appellate Division, First Department. March 8, 1912.)

1. PLEADING (§ 258*)—ANSWER—AMENDMENT—RIGHT TO AMEND.

   Where plaintiff, suing on an account stated, alleged that a copy was annexed to the complaint, and that the defendant promised in writing to pay plaintiff the balance shown thereby, and on trial evidence was received over objection of an account stated by implication, an application by defendant to amend his answer, so as to plead limitations, not available against an express promise in writing, the statute of frauds, and a discharge in bankruptcy prior to the making of the express promise in writing as alleged, should have been granted.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 765–782; Dec. Dig. § 258.*]

2. PLEADING (§ 239*)—ANSWER—AMENDMENT—COSTS.

   Where defendant was precluded from pleading defenses because of the manner in which plaintiff alleged his cause of action, defendant's application to amend his answer, so as to raise such defenses, should not be conditioned on payment of costs.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 626–635; Dec. Dig. § 239.*]

Appeal from Special Term, New York County.

Action by Lord & Taylor against Edward Hatch. From a Special Term order denying defendant's motion to amend his answer, he appeals. Reversed, and motion granted.

Argued before CLARKE, McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

George Zabriskie, for appellant.

Chester A. Jayne, for respondents.

PER CURIAM. The action is on an account stated to recover upwards of $100,000. The issues herein were referred to a referee to hear, try, and determine on the 10th day of June, 1911. At the close of the plaintiffs' case a motion to dismiss the complaint was made and denied. The defendant then moved to amend the answer, by pleading the statute of limitations, the statute of frauds, and a discharge in bankruptcy. The motion was denied by the referee, evidently on the ground that it should be made at Special Term. The motion was then promptly made at Special Term for the same relief. The defendant has not been guilty of laches. His counsel claims to have been misled, by the form of the complaint, into refraining from pleading these defenses.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] It is alleged in the complaint that the account was stated between the plaintiffs and the defendant on the 25th day of February, 1910, a copy was annexed to the complaint; and that the defendant then and there promised and agreed in writing to pay the plaintiffs the balance owing as shown thereby. Upon the trial evidence was received, over objection and exception taken on behalf of appellant, tending to show an account stated by *implication* resting on *parol evidence,* and not by *express agreement.* Counsel for appellant claims that, if the cause of action had been alleged in accordance with this evidence, he could have pleaded the statute of limitations, which had run against many of the items, but which was not available against an express promise in writing to pay the indebtedness (see Delabarre v. McAlpin, 101 App. Div. 468, 92 N. Y. Supp. 129), the statute of frauds, and a discharge in bankruptcy prior to the time it is alleged in the complaint that the express promise in writing was made to pay the account. It is manifest, therefore, that the motion should have been granted.

[2] Ordinarily, where a party wishes to amend his pleading by inserting new causes of action, or defenses, or counterclaims he should be required to pay the full costs of the action to the date of the application; but in the circumstances here presented it is evident that with respect to some, if not all, of these defenses, the appellant was precluded from pleading them, owing to the manner in which the plaintiffs alleged their cause of action, and for this reason only motion costs should be imposed.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and motion granted.