JAMES L. CLARE, Respondent, *v.* MARK L. KELLEY, Appellant.

First Department, July 3, 1919.

Account stated for services rendered — action on — pleading — general denial — evidence as to nature of service and value thereof, admissibility to establish that no account was stated.

In an action on an account stated for services, rendered, the defendant, though he has pleaded payment of the full value of the services, may under a denial of an account stated, introduce evidence to show the nature of the services and their value, not to diminish the recovery if one should be allowed, but to establish that no account was stated between the parties.

APPEAL by the defendant, Mark L. Kelley, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 22d day

of November, 1918, upon the verdict of a jury, and also from an order entered in said clerk's office on the 16th day of January, 1919, denying defendant's motion for a new trial made upon the minutes.

*Edward F. Riley,* for the appellant.

*Glenn M. Congdon* of counsel [*Arthur A. McGivney* with him on the brief; *Werner, Congdon & McGivney,* attorneys], for the respondent.

SMITH, J.:

The action was brought to recover upon an account stated for legal services. It was originally brought to recover also upon a *quantum meruit,* but upon the trial the count upon *quantum meruit* was abandoned and the action prosecuted as one upon an account stated.

The account stated is for services upon various matters covering about ten pages of the record, and there is a lump sum placed after all of those services for a fee of $7,500 and for disbursements $1,206.36, making a total of $8,706.36. There were acknowledged payments of $4,125, leaving a balance of $4,581.36. It is claimed that there were, thereafter, two payments of $500 each made, so as to reduce the claim to $3,581.36 which, together with interest, amounted to the verdict which was rendered. This case was submitted to the jury purely as upon an account stated and at the end of the charge the issue was thus stated: "The issue, therefore, narrows itself down to the very narrowest possible point — Did Mr. Kelley receive that bill and fail to object to it within a reasonable time, or did he receive it and object to it and refuse to pay it?" It was charged, if he received the bill and failed to object to it, within a reasonable time, then there was an account stated and he was liable for the full amount.

Upon objection made by the plaintiff to the ruling upon which the defendant duly excepted, the defendant was not allowed to cross-examine the plaintiff or to offer evidence as to the nature of the claims for services, the trial court holding, because the answer was simply a general denial and alleged payment of sums far in excess of the value of the services

rendered and did not allege fraud or mistake, that the defendant could not impeach the account by showing the nature of the services and that their value was less than the amount of money which had been paid.

It is a general rule in an action brought upon a contract to pay a specific sum for services, which contract is denied by the defendant, that the defendant may show the value of those services as bearing upon the fact of his having made the agreement to pay the sum stated. So, in the case at bar, irrespective of the plea of payment of the full value of the services, under the denial of the allegation of an account stated, the defendant should have the right to show the nature of the services and their value, as bearing upon the question of the express or implied agreement to pay the account as claimed to have been stated.

In 1 Corpus Juris (p. 728) the rule is clearly stated: " The rule that an account stated can only be attacked for fraud, mistake, or manifest error does not apply to a case where the existence of the account stated is denied. Upon the issue whether an account was in fact stated or not, the party denying the alleged statement of account may show the inherent impracticability of his agreement to the account, and for this purpose. may show the general nature of the circumstances of the business between the parties, and the character of the items of the alleged account, and his objections thereto, notwithstanding that for other purposes the court will not inquire into the character of the original items in the absence of fraud or mistake." So in *Baker* v. *Griffin* (14 N. Y. Ann. Cas. 369) the rule is stated: " In an action on an account stated, where the existence of the account stated was put in issue by a general denial, it was competent for defendant to prove payment of the items on which plaintiff's claim was based, or to show that the transaction out of which plaintiff alleged he became entitled to a sum of money for services had never been completed, or to show any facts and circumstances which would tend to show the inherent improbability of defendant's having agreed to the account." Within these rules, I think the trial court erred in the limitations placed upon the defendant's examination of the plaintiff, and that defendant might show the nature of the services rendered

as well as their value, not to diminish the recovery if one should be allowed, but as evidence that no account was stated between the parties upon which fact plaintiff based his claim to recover.

The judgment and order should, therefore, be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., LAUGHLIN, MERRELL and PHILBIN, JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.