LOUIS STERN, Respondent, *v.* MIRIAM BRETTSCHNEIDER,
Appellant.

(Supreme Court, Appellate Term, First Department, March, 1920.)

**Accounts stated — evidence — appeal.**

> Where in an action to recover a balance alleged to be due
> on an account stated, the defendant under the denials in her
> answer was entitled to show any fact tending to warrant a
> finding either that no account had been stated, or that if any
> account had been stated, it was a different one from that sued
> upon, the refusal of the trial judge to permit the defendant
> to ask plaintiff, on cross-examination, questions in relation to
> the items — goods sold — upon which the account was stated, is
> reversible error.

APPEAL by defendant from a judgment of the
Municipal Court of the city of New York, borough of
Manhattan, second district, in favor of plaintiff,
entered upon the verdict of a jury.

Kleiner & Kleiner (Lewis Nadel, of counsel), for
appellant.

Harry L. Ettinger (Abraham L. Doris, of counsel),
for respondent.

MULLAN, J.   The issue was, whether the parties had
stated an account, leaving a certain balance in plain-
tiff's favor.   After plaintiff had made out, on his
direct examination, a *prima facie* case, the defendant
sought, on cross, to institute an inquiry in relation
to the items — goods sold — upon which the account
was stated.   The learned trial justice disallowed these
questions, upon the ground that as the defendant had
pleaded neither fraud nor mistake, the evidence
should be confined to proof *directly* bearing upon the

question whether or not the account had been stated as plaintiff claimed. In so holding, he fell into error. Under her denials the defendant was entitled to show any facts tending to warrant a finding either that no account had been stated, or that, if any account had been stated, it was a different account stated from that sued upon. Plainly, one of the ways open to the defendant by which to negative the plaintiff's story was to show its improbability. This she might possibly have done by showing such a disparity between the amount fixed by the claimed stated account, and the aggregate value or price of the goods, as to make it improbable that she would have consented to state an account at a much greater sum than the total value or price of the goods. *Clare* v. *Kelley,* 188 App. Div. 665. If, for example, a man should buy goods to the value of $100, it is highly improbable that he would agree to state an account concerning them at $1,000. Such an inquiry does not open up an actual stated account, or go back of it, but is directed merely to the question whether the account had in fact been stated, and is allowed for that limited purpose, though for other purposes — in the absence of a plea of fraud or mistake — a defendant in this form of action is precluded from raising any questions as to the character of the original items. *Clare Case, supra;* 1 C. J. 728.

LEHMAN and FINCH, JJ., concur.

Judgment reversed, and new trial ordered, with thirty dollars costs to appellant to abide event.