SUNDURE PAINT CORPORATION, Plaintiff, *v.* NURSERY CRAFTERS, INC., Defendant.

Municipal Court of the City of Syracuse, August 10, 1948.

*Robert J. Feinberg* for plaintiff.

*Lionel O. Grossman* and *Peter Muserlian* for defendant.

SKERRITT, J.   This is a motion by the plaintiff for summary judgment under rule 113 of the Rules of Civil Practice, based on the complaint, the answer and counterclaim, the moving affidavit by plaintiff's manager, and the answering affidavit by the president of defendant corporation.   The well known purpose of this rule 113, permitting summary judgment on a contract claim, is to avoid delay in the enforcement of such claim where the defense, though good in form, is without merit.   The object of the motion is to obtain judgment forthwith where no triable issue is raised.

The question to be decided, therefore, is whether any triable issue has been raised by the pleadings and affidavits.   To avert

summary judgment the defendant must show by affidavit or other proof, that it has a bona fide and substantial defense. Mere denials, either general or specific, are not sufficient. (3 Carmody on New York Pleading and Practice [2d ed.], §§ 1072, 1078, p. 2369; 3 Wait's New York Practice [4th ed.], pp. 618–620.)

This action was commenced May 4, 1948. The complaint alleges that on October 2, 1946, plaintiff sold and delivered to defendant certain merchandise at the agreed price of $150; that no part thereof has been paid; and that one month later an account was stated for said amount. The answer admits the sale and delivery of certain merchandise, alleges that it was defective and not as represented, denies the other allegations in general, and sets up a counterclaim as follows: that the merchandise was paint; that plaintiff represented that it would dry in one day, and to a hard finish; that defendant, upon using the paint on furniture manufactured by it, found that the paint was not as represented; that as a result defendant sustained damages of $1,300 from " stoppage of production," and $1,500 from " loss of good will," a total of $2,800; and that defendant therefore demands that the complaint be dismissed and that defendant have an affirmative judgment of $2,800 against the plaintiff.

The moving affidavit states that the merchandise was not paint, but " lacquer sealer and lacquer thinner," which dries in a few hours; that no representation as to drying quality was made; that plaintiff sent bills to defendant and finally received from defendant's bookkeeper an oral promise of payment; that on November 22, 1947, a year after the sale, plaintiff received a letter from defendant, which made no mention of any claim for damages, and stated that within a week this account would be " straightened up " by the return of " unused paint materials," with checks " to cover balance;" that during the eighteen months from the sale to the commencement of this action defendant never mentioned any claim for damages and never objected to the merchandise or the account; and that this defense and counterclaim are a mere sham for the purpose of delay.

In view of such allegations, evidentiary facts, lapse of time, and surprising counterclaim, we should expect a strong answering affidavit if the facts permitted. But the only factual statements therein are that the merchandise was paint and not lacquer; and that it was misrepresented as to drying quality. The letter of November 22d, which seems almost an admission of an

account stated, is referred to merely as an offer to compromise. And no fact is set forth, such as an interim conversation if any, to negative the account stated. What then is the triable issue? Plaintiff argues that there is none; that the details as to this sale are merged in said account stated; that the latter cannot now be questioned after eighteen months; and that the answer and counterclaim are obviously without merit. Defendant claims there are three issues: (1) Whether the merchandise was misrepresented. (2) If so, whether defendant relied thereon to its damage. (3) Whether there was an account stated.

Assuming that issues (1) and (2) are merged in the alleged account stated, the nature of such account should be noted, and the effect thereon of a general denial; also the attitude of the courts in dealing with a counterclaim under this motion. It is well recognized that an account stated is a contract, express or implied, as to a past transaction; and that an action thereon is based on the new agreement, so that plaintiff need not prove the details of the original debt, but may show merely that defendant received the account and kept it for a reasonable time without objection (*Rodkinson* v. *Haecker,* 248 N. Y. 480; *Hall* v. *New York Brick & Paving Co.,* 95 App. Div. 371.)

A general denial, however, raises the issue as to an account stated, and permits defendant to explain his silence and delay, and to go into the facts of the past transaction, not to show that he owes less, but to show circumstances which may sustain his denial that there was an account stated. (*Clare* v. *Kelley,* 188 App. Div. 665, cited with approval in *Rodkinson* v. *Baecker, supra; Stern* v. *Brettschneider,* 110 Misc. 678.) Of course the mere acceptance of a statement of an account does not impose liability where none existed before. (*Parsons* v. *Batchelor,* 233 App. Div. 517.)

In the instant case, notwithstanding the lapse of time and other facts above mentioned, I think the general denial raises a triable issue as to whether there was an account stated, and permits defendant to go into the facts of the past transaction. (*Marvin* v. *Goldhurst,* 226 App. Div. 758.) As to the counterclaim, of course that in itself does not bar the motion. But the courts are reluctant to grant summary judgment where the counterclaim is comparatively large, and appears on its face to interpose a valid defense. (*Dairymen's League Co-op. Assn.* v. *Egli,* 228 App. Div. 164.) In the case of *Chelsea Exch. Bank* v. *Munoz* (202 App. Div. 702, 704) the court said that on this motion the test is whether there is a triable issue, " based upon denial, defense or counterclaim? "

It is true that rule 113 is remedial, and should be liberally construed to promote the efficient administration of justice. But the remedy is drastic, issues are not to be tried by affidavits, and a party should not be deprived of his day in court unless the rule is clearly applicable. In case of doubt the burden is on the moving party to show convincingly that there is nothing to be tried. (*Munoz & Co.* v. *Savannah Sugar Refining Corp.*, 118 Misc. 24.) Mere technical defects in the defendant's answer or affidavit are not available to the plaintiff on this motion. (*Curry* v. *Mackenzie*, 239 N. Y. 267.)

Motion denied, with $5 costs.