NATHAN N. CORTESE et al., Doing Business as CORTESE RESTAU-
RANT, Appellants, *v.* BEATRICE C. CONNORS, Respondent, and
NORBERT EISENSTEIN, Intervener-Respondent.   (Action No. 1.)
NORBERT EISENSTEIN, Respondent, *v.* BEATRICE C. CONNORS,
Appellant.   (Action No. 2.)

Third Department, November 18, 1954.

*Joseph P. Mangan* for appellants in Action No. 1.

*Peter A. Daniels* and *Theodore H. Cohn* for respondent in
Action No. 1 and appellant in Action No. 2.

*James B. Gitlitz* for intervener-respondent in Action No. 1 and respondent in Action No. 2.

IMRIE, J. Beatrice C. Connors, defendant in the above-entitled actions, owns commercial property in Binghamton, New York, a portion of which she had leased to James A. Cortese and Nathan N. Cortese, plaintiffs in Action No. 1. The lease contained the following provision: '' The Landlord agrees that in the event of the Landlord's desire to sell the above mentioned property before the expiration of this Lease, the Tenants shall have the first option to purchase the same under the terms at which it is offered for sale.'' It seems clear that during the spring of 1953 a representative of Mrs. Connors talked to the tenants about the sale of the property and that there was some discussion of price, though there are conflicting averments in the record as to what else was then said and done. Thereafter, on May 27, 1953, Norbert Eisenstein, plaintiff in Action No. 2, signed an agreement to purchase the same property for $21,750, payable $500 as deposit and the balance in cash on the closing of title June 15, 1953. On that day Mrs. Connors signed an acceptance and an acknowledgment of receipt of the deposit. On June 1, 1953, plaintiffs Cortese, alleging information of such agreement, though disclaiming knowledge of the identity of the purchaser, and that defendant had afforded them no opportunity to exercise their option, sued Mrs. Connors in Broome County Court for specific performance of the option agreement of the lease (Action No. 1), filing a notice of pendency of action. After June 15, 1953, Eisenstein sued Mrs. Connors in Broome County Supreme Court for specific performance of the May 27th agreement (Action No. 2). On Mrs. Connors' motion the two actions were consolidated in the Supreme Court, the order of consolidation naming Eisenstein and plaintiffs Cortese, in that sequence, as plaintiffs in the consolidated action. When Mrs. Connors moved in Action No. 2 for summary judgment dismissing his complaint, Eisenstein cross-moved for summary judgment. Defendant Connors' answer in that action contained a general denial and a defense of the Statute of Frauds.

In his decision on this motion the court below held the agreement of May 27, 1953, between Mrs. Connors and Eisenstein to be sufficient under the Statute of Frauds and that there was no triable issue of fact in the action. Expressing his understanding of Eisenstein's willingness to accept such a qualification, the court granted him summary judgment as requested, '' on the condition that he accept a conveyance from the defendant, subject to the existing leases, and assumption of obligations in such

leases, the title, however, to be marketable, and in all other respects in accordance with the written contract or memoranda."
Defendant has appealed from the order denying her motion to dismiss the complaint and granting the cross motion for summary judgment. She has not printed the order, but has included the judgment in the record under the caption, "Summary Judgment Appealed From."

Plaintiffs Cortese then moved in their action for order striking the Connors answer and for summary judgment. Notice of this motion was also addressed to Eisenstein's attorneys. He moved for permission to intervene in the Cortese action and, if such permission were granted, for the dismissal of the Cortese complaint and cancellation of their *lis pendens*. This brought a counter Cortese motion for judgment dismissing Eisenstein's complaint in Action No. 2, and the cancellation of his *lis pendens*. The Eisenstein motions were granted to the extent of dismissal of the Cortese complaint in Action No. 1, insofar as it contained a demand for specific performance and cancellation of their *lis pendens*. Here, too, plaintiffs have appealed from the order which they have not printed, but have printed the judgment entered thereon under the caption, "Order Appealed From."

The net result of the foregoing proceedings is that plaintiff Eisenstein has a judgment in Action No. 2 decreeing specific performance on the part of defendant Connors, and a judgment in Action No. 1 dismissing the Cortese complaint, insofar as it concerns specific performance by Mrs. Connors, but leaving them the possibility of redress for breach of contract. Such a result fails to give consideration to the clear equities involved.

Consolidation of the original actions was a logical procedure. All parties appear to have been so engrossed in their endeavors to obtain summary relief under rule 113 of the Rules of Civil Practice that they tended to overlook or minimize the existence and effect of the order of consolidation. While formal reference to it is made in certain affidavits, there may well be question that the consolidation merging the original actions into one and, technically at least, calling for a single judgment adjudicating all the issues, legal and equitable, was sufficiently brought to the attention of the court below.

Specific performance is equitable in nature. The remedy rests in sound judicial discretion subject to equitable principles and rules. The equities inherent in this consolidated action involve all of the interested parties. We may illustrate the point without in any manner indicating a view as to the eventual determination of such equities. Plaintiffs Cortese were tenants in

possession of part of the Connors property under a lease having the option clause already quoted. Having reason, as they allege, to believe that their landlord had agreed to sell the property without giving them an opportunity to exercise their option, they first brought action against her for specific performance, filing a notice of pendency of action. Let it be assumed that Mrs. Connors could not consummate the sale to Eisenstein by reason of the pendency of that action, the determination of which involves issues of fact. Consequently Eisenstein sued for specific performance. Both actions have to do with the same property. Obviously both plaintiffs cannot have specific performance. Assume, further, success of plaintiffs Cortese in their case, and a finding of their right to purchase under their option. Specific performance could not then be decreed to Eisenstein because of impossibility of performance. If Eisenstein were successful in the prosecution of his claim, he would of necessity be relegated to redress for a breach of contract. Yet, in reverse, this is the present situation as to the original plaintiffs, but not as the result of a trial of the issues as between the parties.

Justice requires that all the parties have their day in court in order that the facts may be developed and that the equities between them may be fully explored and evaluated and their respective rights and obligations fixed. In reaching this conclusion, it is of no present moment whether or not the court below was correct in finding that the Statute of Frauds was not a sufficient defense on the part of Mrs. Connors in Action No. 2, or whether the record may or may not disclose an issue of fact between Eisenstein and Connors, or between Eisenstein and plaintiffs Cortese.

No question is raised in this court concerning the failure of the notices to indicate that the appeals are taken from the judgments. That is implicit in the arguments. The respondents have not been misled to their prejudice by such omissions, which may be disregarded.

The orders and judgments appealed from should be reversed and the consolidated case remitted for trial, with costs to abide the event.

BERGAN, J. P., COON, HALPERN and ZELLER, JJ., concur.

Orders and judgments appealed from reversed and the consolidated case remitted for trial, with costs to abide the event. [See *post,* p. 846.]