Matthew J. Jasen, J.
This is a motion for summary judgment by the plaintiff with respect to an alleged account stated between the plaintiff and defendant.
The complaint properly alleges an account stated between the plaintiff and defendant, and the answer of the defendant sets up a general denial. The affidavit in support of the plaintiff’s motion for a summary judgment, made by the assistant treasurer of the plaintiff corporation, states that between July 11, 1956, and November 14, 1956, the plaintiff sold merchandise to the defendant totaling $3,388.39 and that between May 10, 1957 and June 28, 1957, the plaintiff sold merchandise to the defendant totaling $873.12. The affidavit also states that certain payments upon this account were made by the defendant leaving the balance of $1,761.51 due the plaintiff. Said affidavit also states that receipts for each delivery to the defendant were signed by the agents or employees of the defendant; that invoices were sent to the defendant each week for all sales made in the previous week, and that statements were sent to the defendant between the 10th and the 15th of each month covering all purchases made in the previous months. It also states that the defendant at no time objected to the invoices or statements and that deponent had several conversations over a period of time concerning the defendant’s indebtedness and that defendant never raised any question as to the correctness of the amounts due and owing to the plaintiff.
The opposing affidavit of the defendant made by the secretary and treasurer of the defendant corporation states that “The defendant as per his records did not receive the following scheduled loads of concrete as set out in the plaintiff’s affidavit ” and then lists five separate deliveries by ticket number, *325 date and amount of concrete, as alleged in the plaintiff’s affidavit. In other words, the defendant, by its affidavit, challenges the receipt of five loads of concrete of the total number of loads claimed by the plaintiff to have made up the account stated.
It is well settled that in an action based on an account stated a general denial raises the issue as to whether an account stated was made by the parties. (Clare v. Kelley, 188 App. Div. 665; Sundure Paint Corp. v. Nursery Grafters, 192 Misc. 804.)
Under a general denial the defendant is permitted to explain his silence and delay and to go into the facts of the past transaction in order to show circumstances which may sustain his denial that there was an account stated. (Marvin v. Goldhurst, 226 App. Div. 758; Sundure Paint Corp. v. Nursery Crafters, supra.)
In the case of Stern v. Brettschneider (110 Misc. 678, 679) the court stated: “Under her denials the defendant was entitled to show any facts tending to warrant a finding either that no account had been stated, or that, if any account had been stated, it was a different account stated from that sued upon. Plainly, one of the ways open to the defendant by which to negative the plaintiff’s story was to show its improbability. This she might possibly have done by showing such a disparity between the amount fixed by the claimed stated account, and the aggregate value or price of the goods, as to make it improbable that she would have consented to state an account at a much greater sum than the total value or price of the goods.”
However, rule 113 of the Buies of Civil Practice governing motions for summary judgment contemplates that the affidavits submitted on behalf of and in opposition to the motion should include evidentiary facts. The affidavit submitted by the secretary-treasurer of the defendant corporation mentions only that he has records which show that certain deliveries claimed to have been made by the plaintiff corporation were not received by the defendant. Neither this statement nor the books of the defendant corporation could be used as evidence that the deliveries were not received. Such evidence, completely negative, has uniformly been held to be hearsay in character and incompetent and irrelevant. (Boor v. Moschell, 8 N. Y. S. 583; Roe v. Nichols, 5 App. Div. 472; Bernsteim v. Holtz, 34 Misc. 795; Winder v. Pollack, 151 N. Y. S. 870.)
In Boor v. Moschell (supra, p. 584) the court, in speaking of the proof of a negative fact by entries in the books of the defendant, stated: “The defendant could not charge the plaintiff with entries made without knowledge or assent of the plaintiff; *326 nor could they escape liability by a failure to make the proper entry or memorandum. All such evidence has been uniformly regarded as hearsay in character, and should have been rejected by the court.”
Therefore, the affidavit of the defendant does not raise any issue of fact necessitating a trial. Furthermore, even if the books were proper evidence to show nonreceipt of certain loads of concrete, the affidavit would be deficient in that the books themselves were not produced. Where the defendant, in opposition to a motion for summary judgment, relies upon documents or entries in books to defeat the motion, he must set forth such entries themselves, and an affidavit concerning them is insufficient. (Hopfan v. Knauth, 156 Misc. 545.)
The motion of the plaintiff for summary judgment is granted.