Henry A. Hudson, J.
Motion for summary judgment has been made in the above-entitled action for an alleged “ account stated ” in the amount of $6,460 with interest thereon at 6% from April 23, 1958 of $1,518.10, totaling $7,978.10.
The complaint alleges the plaintiff to be a duly licensed broker and member of the Chicago Commodity and New York Commodity Exchanges. That as such broker, at the special instance of the defendant, he purchased certain potato futures during the years 1957 and 1958 for the defendant through Murías Brothers Commodities, Inc., of Chicago, Illinois, duly licensed commodity brokers of the Chicago Exchange totaling $15,468. Plaintiff acknowledges credits in the sum of $9,008 paid by the defendant, leaving a balance of $6,460 which sum, plaintiff asserts, defendant promised to pay. Plaintiff alleges that on April 23, 1958 a full and true account of all transactions between the parties concerning such purchases and credits was rendered to defendant— (Exhibit A attached to the complaint) — which was delivered to, received, accepted and retained by defendant without objection, resulting in an account taken and stated between the parties.
Defendant has served a verified answer consisting of a general denial.
The affidavit of the plaintiff in support of the motion alleges the relationship of broker and client between the parties as evidenced by the affidavit of George Murías of Murías Brothers Commodities, Inc., and Exhibits 1 through 15 attached thereto. These exhibits consist of copies of records kept by Murías Brothers showing sales and credits to the account of Dominick or “ Dom ” Santoro with a monthly statement at the end of the period March 31,1958 showing a credit balance of $7,208 and at the end of April 23, 1958 a debit balance of $6,460 indicating purchases made from April 2,1958 through April 23, 1958 and a credit of an $1,800 check on April 16, 1958. These statements were made out in the name of Dominick Santoro c/o B. D. Simmons. The service of the account stated as set forth in Exhibit A, *410 attached to the complaint, on numerous occasions is alleged by plaintiff and the fact that the defendant did not object thereto in whole or in part.
The affidavit of Leyden E. Brown, attorney for plaintiff, reiterates the statements alleged in the complaint and plaintiff’s supporting affidavit. It is asserted therein that deponent of his own knowledge, based on conversations with defendant, knew that the relationship of broker and client existed between the parties. It is also asserted that on February 3, 1960 defendant came to the office of deponent, admitted the amount due and owing to plaintiff and submitted an offer in compromise of the claim. Defendant strongly disputes these statements.
The affidavit of Ralph Shopiro of the Hall Trading Company asserts that on March 21, 1962 the defendant came to his office and stated he had been sued by plaintiff and requested deponent to contact the plaintiff and attempt to settle the claim for $3,000.
The defendant has submitted two affidavits in which he admits buying and selling potato futures through the firm of Murías Brothers Commodities, Inc., of New York City but asserts that all of such purchases and sales were made by him individually, directly with such firm by long distance telephone. Defendant alleges payments by check to Murías Brothers Commodities, Inc., as payments to carry his account in the following amounts:
March 3, 1958.................. $ 800
March 18, 1958................... 2,000
March 20, 1958.................. 2,000
March 22, 1958.................. 2,500
That on April 10, 1958 defendant called Murías Brothers Commodities, Inc., in New York City and directed them to close his account; that he requested and was given a statement of the balance due on his account with Murías Brothers as being $1,800. On April 15, 1958 he forwarded a check of $1,800 to Murías Brothers Commodities, Inc. Each check given to Murías Brothers was cashed by them and deposited by them in the Marine Midland Trust Company of New York. Defendant strongly asserts that “ at no time did he admit or state to Leyden E. Brown or Roy Simmons that he owed any money to Roy Simmons.”
It is further alleged in defendant’s answering affidavit in relation to the affidavit of Ralph Shopiro that he knows both Ralph Shopiro and Roy Simmons and knows Roy Simmons to be a big produce operator in Oswego, New York, and that a close relationship existed between these two persons. Defendant *411 admits going to the office of Ralph Shopiro after being sued in this action to seek his advice and ask him to intercede with Roy Simmons in his behalf; that he did not believe he owed Simmons money but that he had done business with Murías Brothers and thought he might owe them some money on his old trading account dating back to 1958 but that after a careful examination of his records he is satisfied that he does not now and never did owe any money to Roy D. Simmons.
None of the affidavits submitted in support of or in opposition to the motion herein are of great probative value or assistance to the court in determining the questions raised. They are contradictory for the most part and consist of many conclusory statements as to the facts involved in a series of transactions between the parties through third parties. It is impossible for a court to decide such issues on affidavits. There appears to be triable issues herein, particularly the one involving the question of the account stated.
The mere rendering of an account does not make it an account stated and an omission to object to it raises only a presumption of assent, which may be rebutted by circumstances tending to a contrary inference. (Egner v. Strong, 98 N. Y. S. 753; Lockwood v. Thorne, 18 N. Y. 285, 288, 289, 290; Alley v. Walz & Krenzer, 275 App. Div. 888.)
A general denial raises the issue as to an account stated and permits defendant to explain his silence and delay and to go into the facts of the past transaction, not to show that he owes less, but to show circumstances which may sustain his denial that there was an account stated. (Clare v. Kelley, 188 App. Div. 665; Sundure Paint Corp. v. Nursery Crafters, 192 Misc. 804.)
To charge a person with a debt does not, standing alone, constitute an acceptance of the obligation. (De Luke Ready Mix Corp. v. Romano, 161 N. Y. S. 2d 626.)
The question of the “ account stated ” should be decided by proof not affidavits. (De Luke Ready Mix Corp. v. Romano, supra.)
A question of fact is raised as to whether there was any relationship of broker and client between the parties arising out of these alleged transactions which must be resolved by proof at a trial where the rights and obligations of the respective parties can be fixed. (Cortese v. Connors, 285 App. Div. 40; Sullivan v. Travers-Goetz Associates, 284 App. Div. 908.)
Summary judgment may not be granted where there is an arguable issue or whenever there is a doubt as to the existence of a triable issue. This is true because the granting of such a *412 motion is the procedural equivalent of a trial. (Falk v. Goodman, 7 N Y 2d 87.)
Plaintiff’s motion for summary judgment is denied, with $10 costs.