OPINION OF THE COURT
Megan Tallmer, J.
The People have moved for reconsideration of the court’s decision (157 Misc 2d 217) on the ground that a certificate pursuant to CPLR 4521 is not required because at common *223 law, the custodian of a public record could give oral testimony as to the absence of a record. The People reason that if such testimony is permitted at trial, an affidavit by a custodian attesting to the absence of a record should not be considered hearsay in the pleading context. (See, Matter of Rodney J., 108 AD2d 307, 311 [1st Dept 1985] [under CPL 100.40 (1) "hearsay” means only hearsay which is not admissible at trial].)
If the People were correct that under New York common law, a custodian’s testimony as to the absence of a record was considered nonhearsay, the court would agree that Pico’s supporting deposition is not subject to a hearsay objection. In its decision, however, the court cited two New York cases for the proposition that evidence of nonentry is inadmissible hearsay. (See, Boor v Mosehell, 55 Hun 604, 8 NYS 583 [2d Dept 1889]; Gravel Prods. v Sunnydale Acres, 10 Misc 2d 323, 325 [Sup Ct, Erie County 1958] [observing that "(s)uch evidence, completely negative, has uniformly been held to be hearsay in character and incompetent and irrelevant”]; see also, Commentary, Proposed NY Code of Evidence § 803 (c) (6) [1992] [to the effect that exception to the hearsay rule for evidence of lack of entry changes present decisional law holding that evidence of lack of entry is inadmissible]; Bowman v Kaufman, 387 F2d 582, 587, n 5 [2d Cir 1967] [noting that Gravel Prods. v Sunnydale Acres, supra, represents the New York view].)
The only New York case cited by the People in support of their position is Deshong v City of New York (74 App Div 234 [1st Dept 1902], affd 176 NY 475 [1903]).[1] In Deshong, plaintiff tore down an old building that he owned and found a vault under the sidewalk in front of the building. When plaintiff attempted to rebuild the vault, the City refused to allow plaintiff to proceed without a permit. Plaintiff purchased a permit over protest and then brought an action to recover the money he had paid. At trial, plaintiff proved that the vault *224 had been in existence for 21 years and claimed that the existence of the vault for such a period without protest gave rise to a presumption that its existence was lawful and that a permit had been obtained. The City met this presumption by proof that the records of permits issued since 1857 showed no record of the issuance of a permit for the vault.
The trial court held for defendant and the Appellate Division affirmed, finding that the absence of any permit among the record of permits since 1857 was sufficient to overcome a presumption that a permit had been issued. (Deshong v City of New York, 74 App Div 234, 235, supra [1st Dept 1902].) The Court of Appeals affirmed on the grounds that the law presumes that all officers entrusted with the custody of public records will perform their official duty by keeping such records safely in their offices and that if a record is not found where it ought to be deposited, the presumption arises that no such record ever existed. (176 NY 475, 485 [1903].)
The People’s reliance on Deshong (supra) to establish that New York common law permitted a custodian to testify to the absence of a public record is misplaced. Although plaintiff in Deshong objected at trial to the evidence of nonentry, the issue whether such evidence properly was admitted was not raised on appeal to either the Appellate Division or the Court of Appeals. Thus, neither Court had occasion to address directly the manner in which the absence of a public record may be proved at trial. Both the Appellate Division and the Court of Appeals rather were concerned with the effect to be given to the lack of a record and the priority to be assigned to competing presumptions (ancient vault presumption versus presumption of proper recording of public documents).
Nor do the facts of Deshong (supra) support the People’s argument. Although the custodian of vault permits did testify that there was no record of a permit having been issued for plaintiff’s vault, a review of the record on appeal to the Court of Appeals reveals that the actual records of the indices to vault permits for the years 1857 to 1897 were produced by the custodian at trial and introduced into evidence, over plaintiff’s objection. Any hearsay objection to the custodian’s testimony thus was rendered moot by the admission of the records themselves.
Here, by contrast, the People seek to rely upon solely the affidavit of a custodian attesting to the absence of any record. Because neither the law nor the facts in Deshong (supra) *225 support the People’s contention that the common law of this State permits a custodian to give oral testimony as to the lack of a public record, the court adheres to its original conclusion that such testimony is considered hearsay at common law.[2] The court accordingly finds that where the absence of a record is an element of an offense, an information alleging such an element cannot be sufficient unless the People avail themselves of the certification provisions of CPLR 4521.
The court also rejects defendant’s cross motion for reconsideration. The allegations of the complaint and supporting deposition that defendant was observed displaying and holding out umbrellas to 10 passersby, coupled with defendant’s admission that he had just started to sell, plainly are sufficient to provide reasonable cause to believe that defendant was engaged in vending. (See, People v Diouf, 153 Misc 2d 887 [Crim Ct, NY County 1992] [allegations that defendant spread watches and pocketbooks on a public street and held out and showed merchandise to at least one passerby deemed sufficient]; see also, People v Sylla, 154 Misc 2d 112 [Crim Ct, NY County 1992].)

. In their memorandum of law, the People rely on three authorities to support their contention that New York common law permits a custodian to testify to the nonexistence of a record. Neither Louisell & Mueller, Federal Evidence §§453, 458 (1980) nor McCormick, Evidence § 300 (4th ed 1992), however, refer to any New York State cases. The only New York case cited in 5 Wigmore, Evidence § 1633 (6) (1974) is Jackson v Miller (6 Cow 751 [1827]). In Jackson, there is language to the effect that the absence of any indication in a clerk’s record of a forfeiture sale as to a conveyance of title raises a presumption that no title was conveyed. (6 Cow, at 753.) Neither the facts nor the law in Jackson speaks to whether a custodian of records may testify to the absence of an entry.

. It may be that the time is ripe for New York to bring itself in line with Federal and State courts recognizing a hearsay exception for evidence of absence of a public record. See Alexander, Practice Commentaries (McKinney’s Cons Laws of NY, Book 7B, CPLR 4521, at 253), suggesting that the existence of CPLR 4521 should not preclude recognition of a common-law hearsay exception for the absence of a public record. This court is of the opinion, however, that any such reconsideration of New York law should be undertaken by an appellate court.