(May 18, 1989)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH F. MILLER, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Tioga County (Siedlecki, J.), rendered September 9, 1986, upon a verdict convicting defendant of the crimes of robbery in the first degree and petit larceny.

On November 8, 1984, at approximately 10:00 P.M., a masked gunman held up an attendant at the Bush Auto-Truck Stop in the Town of Nichols, Tioga County, and fled with between $222 and $250. While the robber was leaving, the attendant wrote down the automobile's license plate number and called the State Police. A computer check of that number revealed that it belonged to a car registered to defendant. Police attempted to locate defendant but he had apparently left his home. In November 1984 defendant's automobile was found abandoned in Colorado. Defendant was indicted for the crimes of robbery in the first degree and petit larceny. Defendant was arrested in Georgia in May 1986 and subsequently extradited and arraigned before Tioga County Court. Following a jury trial, defendant was found guilty of the charged crimes and sentenced to concurrent prison terms of 6 to 18 years for the robbery and one year for the petit larceny. This appeal followed.

Of the many issues raised by defendant upon appeal, only a few merit discussion. Initially, defendant contends that County Court erred in refusing defendant's request to charge the jury on the affirmative defense to robbery in the first degree that the object displayed was not a loaded weapon "readily capable of producing death or other serious physical injury" (Penal Law § 160.15 [4]; see, People v Gilliard, 72 NY2d 877, 878). If the affirmative defense is sufficiently shown, the court must charge the lesser included offense of robbery in the second degree (see, CPL 300.50 [1], [2]; Penal Law § 160.10 [2] [b]). Here, the victim described the weapon displayed by the robber as a sleek, flat handgun, bluish-black in color, with a long barrel. Although she later testified on cross-examination that she could not be absolutely certain it

was not a toy gun, it appeared to be a "real gun" to her. Even viewing this evidence in the light most favorable to defendant *(see, People v Gilliard, supra),* County Court properly refused to submit the requested charge to the jury *(see, e.g., People v Cotarelo,* 71 NY2d 941; *People v Watts,* 57 NY2d 299; *People v Stoute,* 140 AD2d 728, *lv denied* 72 NY2d 925).

Next, we reject defendant's assertion that County Court erroneously charged the jury that direct evidence of defendant's identity as the perpetrator of the crime had been produced at trial when, in fact, it had not. An examination of the court's charge reveals that the court gave both the definition of direct and circumstantial evidence in order to point out the difference between the two standards. In fact, County Court specifically stated that "here there is no eyewitness who testified as to the identity of the perpetrator of the crime". Accordingly, to the extent that the court's charge could be construed otherwise, we find that such error was harmless.

We additionally reject defendant's contention that the teletype printout obtained by the State Police, showing that defendant's vehicle was the one bearing the license plate number written down by the victim, was improperly admitted under the business record exception to the hearsay rule *(see,* CPLR 4518). The record reveals that the computer printout was properly authenticated by the investigating policeman as a document he obtained in the regular course of police business and, in fact, police computers are tied into Department of Motor Vehicle computers for that very purpose *(see,* CPLR 4518 [a]; *People v Meyers,* 72 Misc 2d 1003).

The remaining arguments advanced by defendant have been examined and have been found to be without merit. Despite defendant's contentions to the contrary, we find no circumstances herein extraordinary enough to justify a reduction of his sentence *(see, People v Gemmill,* 146 AD2d 951).

Judgment affirmed. Casey, J. P., Weiss, Mikoll and Levine, JJ., concur.