OPINION OF THE COURT
Joan A. Madden, J.
Defendant stands charged with aggravated unlicensed operation in the third degree, under Vehicle and Traffic Law § 511 (1). The defendant moves for various relief, including dismissal of the charges, on the grounds that the accusatory instrument is facially insufficient in that it fails to allege nonhearsay factual allegations of an essential element of the crime charged.
The issue before the court is whether an accusatory instrument containing an allegation that the arresting police officer conducted a computer check of the records of the New York State Department of Motor Vehicles, which revealed that the defendant’s driver’s license was suspended, is hearsay; and thus, insufficient to allege that the defendant was operating a motor vehicle while his license was suspended or revoked under Vehicle and Traffic Law § 511 (1). For the reasons stated below, the court finds that it is not sufficient.
The relevant factual allegations contained in the accusatory instrument consist of the following: "Deponent observed the defendant operating a motor vehicle (the key was in the ignition, the engine was running and defendant was behind the wheel) on a public highway, to wit 42nd street between 8th & 9th avenues. Deponent conducted a computer check of the records of the New York State Department of Motor Vehicles which revealed that defendant’s driver’s license was suspended on march 21,1988 and has not been reinstated, for a total of 87 suspensions. Deponent’s basis for believing that defendant had reason to know his license was suspended or revoked is as follows: defendant admitted to the officer that his license was suspended saying 'i was arrested for this before’, the computer check revealed that defendant’s license was suspended for failure to answer a New York summons and all such summons have printed on them Tf you do not answer this ticket by mail within fifteen (15) days your license will be suspended.’ ” (Emphasis added.)
Section 511 (1) (b) of the Vehicle and Traffic Law provides:
*814 "A person is guilty of the offense of aggravated unlicensed operation of a motor vehicle in the third degree when such person operates a motor vehicle upon a public highway while knowing or having reason to know that such person’s license or privilege of operating such motor vehicle in this state or privilege of obtaining a license to operate such motor vehicle issued by the commissioner is suspended, revoked or otherwise withdrawn by the commissioner.” (Emphasis added.)
Defendant argues that the allegation that the defendant’s license has been suspended or revoked 87 times is merely a hearsay allegation and fails to establish by legally competent evidence that the defendant’s license was in fact suspended or revoked, as is required by the above-cited statute. The basis of the defendant’s argument is that the arresting officer cannot verify the defendant’s license status in his official capacity as a police officer. Defendant further contends that the New York City Police Department does not prepare, nor maintain, these licensing records, nor are they the custodian of these records. These records are prepared, kept, and managed by the State Department of Motor Vehicles, and as such, defendant argues, this complaint may not be deemed an information absent an official corroborating affidavit from the Department of Motor Vehicles.
The People claim that the information is sufficient and no such supporting deposition is necessary. Relying on People v Miller (150 AD2d 910 [3d Dept 1989]), the People contend that the police officer was justified in relying on the information he obtained from the computer check, just as he would be justified in relying on a printed version of the same. In People v Miller (supra), the Court held that a teletype printout obtained by the State Police and properly authenticated by the investigating policeman was admissible as evidence under the business record exception of the hearsay rule as a document obtained in the regular course of police business.
To be legally sufficient, a misdemeanor information and any supporting depositions filed therewith must set forth nonhearsay allegations of facts which "establish, if true, every element of the offense charged”. (CPL 100.40 [1] [c]; 100.15 [3]; People v Alejandro, 70 NY2d 133, 136 [1987]; People v Dumas, 68 NY2d 729 [1986].) CPL 100.15 (3) requires that the factual allegations contained in the information and/or any supporting depositions must be based on firsthand knowledge. The purpose of the requirement of nonhearsay allegations is to deter the bringing of baseless prosecutions by demanding that crimi *815 nal proceedings be underpinned by the sanction of an oath and subject to the penalty of perjury if willfully false. (People v Jeffries, 19 NY2d 564, 567, quoting People ex rel. Livingston v Wyatt, 186 NY 383, 391.)
This case is analogous to situations in which the defendant is charged with being an unlicensed general vendor in violation of Administrative Code of the City of New York § 20-453, and an essential element of the statute is the defendant’s lack of a general vendor’s license. (See, People v Ebramha, 157 Misc 2d 222 [Crim Ct, NY County]; People v Sylla, 154 Misc 2d 112 [Crim Ct, NY County 1992]; People v Diouf, 153 Misc 2d 887 [Crim Ct, NY County 1992].) In People v Sylla (supra) and People v Diouf (supra), the courts found that the police officers’ allegations that they reviewed the official list of licenses of the Department of Consumer Affairs (DCA) were hearsay, since the officers did not work for DCA and had no firsthand knowledge of defendants’ license status. The courts further concluded that there was no basis for admitting the police officers’ statements under the business records exception to the hearsay rule. (See, CPLR 4518 [a].)
In People v Ebramha (supra), the court held that where business records are relied upon to make out an element of an offense, the complaint must contain allegations laying a foundation for the admission of the records relied upon to determine the defendant’s license status, and where the truth of the contents of the business record is necessary to establish an element of an offense, a certified copy of the record itself must be filed as a supporting deposition. The court reasoned that absent the record itself, any reference to the contents of the record would be hearsay and thus insufficient to convert the complaint to an information.
CPLR 4518 (a) provides that, "[a]ny writing or record * * * made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible in evidence in proof of that act, transaction, occurrence or event, if the judge finds that is was made in the regular course of any business”. The rationale in allowing such records into evidence as exceptions to the hearsay rule follows from " 'the unusual degree of trustworthiness and reliability of such records owing to the fact that they [are] kept regularly, systematically, routinely and contemporaneously * * * The element of unusual reliability is supplied by systematic checking, by regularity and continuity which produce habits of precision’.” (People v Sylla, *816 supra, at 118; see generally, People v Kennedy, 68 NY2d 569, 579 [1986].)
In the instant case, the accusatory instrument fails to allege that the New York City police officer is a custodian of the records at the Department of Motor Vehicles or that the police officer has any knowledge of that agency’s record-keeping practices. Nor is there any allegation that it is the regular practice of the police department to issue or maintain such a list of suspended licenses. The mere statement that, "[deponent conducted a computer check of the records of the New York State Department of Motor Vehicles” is hearsay and is not sufficient to satisfy the requirements of CPL 100.40 (1) (c) and 100.15. (See, People v Conoscenti, 83 Misc 2d 842, 844 [Suffolk Dist Ct 1975].)
Thus, the complaint fails to properly lay a foundation for the admission of the DMV printout as an exception to the hearsay rule under CPLR 4518. "A member of the New York City Police Department, not acting as custodian for, or agent of [the Department of Motor Vehicles], is not in a position to know — first hand — if the records upon which he relied are compiled under circumstances that would make them sufficiently reliable as to permit their entry into evidence.” (People v Sylla, supra, at 118.)
The People’s reliance on People v Miller (150 AD2d 910 [3d Dept 1989], supra), in support of their position is misplaced. In that case, the defendant was convicted of robbery and petit larceny after a jury trial. The defendant appealed, contending that a teletype printout obtained by the State Police, which established that the defendant’s vehicle was the one bearing the license plate number written down by the victim, was improperly admitted into evidence. Unlike the instant case, the Miller Court found that the investigating officer’s testimony properly laid a foundation for the introduction of the teletype printout, which was admitted into evidence. In the case at bar, the People have failed to submit a certified copy of an official printout of the list of suspended driver’s licenses maintained by the Department of Motor Vehicles establishing that the defendant’s license was revoked or suspended, an essential element of Vehicle and Traffic Law § 511 (1). (See, People v Ebramha, supra.)
The People’s contention, that the defendant’s alleged statement, "I was arrested for this before,” establishes that the defendant had knowledge that his license was suspended, is *817 unpersuasive. The defendant’s alleged statement does not satisfy the element that the defendant’s license was revoked or suspended at the time of the defendant’s arrest. Even if the defendant was arrested in the past for operating a vehicle while his license was suspended, it does not mean that the defendant’s license has not been reinstated, or that the prior charges were unfounded. Under these circumstances, the complaint fails to satisfy an essential element of the offense charged, and is not an information.
Accordingly, the People are entitled to an opportunity to convert the case to an information within the time proscribed by CPL 30.30. The court need not reach the other branches of the defendant’s motion until such time as there is a facially sufficient instrument before the court.