People v Jameau (2024 NY Slip Op 51332(U))

[*1]

People v Jameau

2024 NY Slip Op 51332(U)

Decided on September 19, 2024

District Court Of Suffolk County, First District

Sachs, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 19, 2024
District Court of Suffolk County, First District

People of the State of New York

against
Steven Jameau, Defendant

Docket No. CR-016138-23SU

Raymond A. Tierney, Esq.
District Attorney of Suffolk County
Ryan Ammirato / Of Counsel
District Court Bureau 
400 Carleton Avenue
Central Islip, NY 11722
(631) 853-7965
Emily Dundon, Esq.
Attorney for Defendant 
Legal Aid Society of Suffolk County 
400 Carleton Avenue
Central Islip, NY 11722
(631) 853-7770

Eric Sachs, J.

Upon the following papers read on this motion for omnibus relief:
Notice of Motion/xxxxxxxxxxxxxxx and supporting papers X;
Notice of Cross Motion and supporting papers ;
Answering Affidavits and supporting papers X;
Replying Affidavits and supporting papers X; Filed papers ; Other Exhibits X; Certificate(s) of Compliance X ;
(and after hearing counsel in support of and opposed to the motion) it is,
ORDERED that this omnibus motion by the defendant is decided as follows: The defendant's motion to dismiss the accusatory instruments pursuant to CPL §§ 100.15 and 100.40 as facially insufficient is GRANTED as to the accusatory instruments charging violations of VTL §§ 511(1)(a) and 509(1), but DENIED as to the accusatory instrument charging a violation of VTL § 375(30). The defendant's motion to strike the People's CoC/SoR is GRANTED. The defendant's motion to dismiss the accusatory instrument pursuant to CPL § 30.30 based upon an alleged speedy trial violation is DENIED. The defendant's motion to dismiss the accusatory instrument based upon an alleged failure to comply with the certification requirements of CPL § 30.30(5-a) is DENIED, as moot. The defendant's motion to dismiss the accusatory instrument pursuant to CPL § 30.30 in the interest of justice is DENIED. The defendant's motion to suppress any and all tangible, non-tangible evidence, or testimonial fruits, pursuant to CPL §§ 710.20(3), (4), 710.60 is DENIED, subject to renewal after hearing. The defendant's motion for a Mapp/Dunaway/Ingle hearing is GRANTED. The defendant's motion to suppress statements is DENIED, subject to renewal after hearing. The defendant's motion for a Huntley hearing is GRANTED. The defendant's motion for a pre-trial "voluntariness" hearing for any statements sought to be used only on cross-examination of the defendant pursuant to CPL §§ 60.45, 710.20(3) is GRANTED. The defendant's motion to preclude the admission of evidence under CPL § 710.30 is GRANTED. The defendant's motion for discovery pursuant to CPL § 245.20(1)(k) and Brady v Maryland, 373 US 83 [1963] is GRANTED. The defendant's motion for a hearing pursuant to People v Sandoval, 34 NY2d 371 [1974] is GRANTED. The defendant's motion for an order directing the People to seek a hearing pursuant to People v Ventimiglia, 52 NY2d 350 [1981] is GRANTED. The defendant's motion for leave to file additional motion as necessary is GRANTED, to the extent indicated herein.
On May 31, 2023, the defendant was charged with (1) one count of Aggravated Unlicensed Operation of a Motor Vehicle in the Third Degree, in violation of New York State Vehicle and Traffic Law ("VTL") § 511(1)(a), an unclassified misdemeanor; (2) one count of Equipment Violation: Obstructed Vision, in violation of VTL § 375(30), a violation, and (3) one count of Driving Without a License in violation of VTL § 509(1), a violation. He was arraigned on June 20, 2023.
By motion dated June 24, 2023, the defendant now moves to (1) dismiss the accusatory instruments pursuant to CPL §§ 100.15 and 100.40 as facially insufficient; (2) to dismiss the accusatory instruments pursuant to CPL § 30.30 based on an alleged speedy trial violation; (3) to dismiss the accusatory instrument pursuant to CPL § 30.30(5-a) based upon a failure to certify properly; (4) to dismiss the accusatory instrument pursuant to CPL § 30.30 in the interest of justice; (5) to suppress any and all tangible evidence, and/or testimonial fruits, or granting a Mapp/Dunaway/Ingle hearing pursuant to CPL §§ 710.20(3), (4), 710.60; (6) to suppress statements, or for a Huntley hearing; (7) for a pre-trial "voluntariness" hearing for any statements sought to be used only on cross-examination of the defendant pursuant to CPL §§ 60.45, and 710.20(3); (8) to preclude the admission of evidence under CPL § 710.30; (9) for discovery [*2]pursuant to CPL § 245.20(1)(k) and Brady v Maryland, 373 US 83 [1963] and (10) for a hearing pursuant to People v Sandoval, 34 NY2d 371 [1974]; (11) for an order directing the People to seek a hearing pursuant to People v Ventimiglia, 52 NY2d 350 [1981] and (12) for leave to file additional motion as necessary.
This Court addresses the parties' arguments, below.
A. Motion to Dismiss as Facially Insufficient
The defendant first moves to dismiss the accusatory instruments pursuant to CPL §§ 100.15 and 100.40 as facially insufficient. (See Def.'s Aff. at Points A-C, at ¶¶ 62-81).
First, the defendant contends that the accusatory instrument charging a violation of VTL § 511(1)(a) is facially insufficient because (1) it was not accompanied by a certified Department of Motor Vehicle abstract (see Def.'s Aff. at Point A, at ¶¶ 62-63) and (2) the supporting deposition is silent as to the defendant's knowledge that his license was suspended. (Id. at ¶¶ 64-66). 
Second, the defendant similarly contends that the accusatory instrument charging a violation of VTL § 509(1) is facially insufficient because (1) it was not accompanied by a certified Department of Motor Vehicle abstract (see Def.'s Aff. at Point B, at ¶¶ 69-76) (2) the supporting deposition is silent as to the defendant's knowledge that his license was suspended (see id., at ¶¶ 69-76).
Third, the contends that the accusatory instrument charging a violation of VTL § 375(30) is facially insufficient because it is conclusory. (See Def.'s Aff. at Point C, at ¶¶ 77-81).
In general, a simplified traffic information is "a peculiar form of accusatory instrument—an unverified one (see CPL § 100.30[1][d])—that is authorized in limited, statutorily specified cases as an alternative to prosecution by long form information." People v Peraza, 25 Misc 3d 1201(A), 899 NYS2d 62 [Dist Ct, Nassau Cnty 2009].
A simplified traffic information is sufficient on its face when it substantially conforms to the form prescribed by the Commissioner of Motor Vehicles. (See CPL §§ 100.25(1); 100.40(2)). Additionally, if a supporting deposition of a complainant police officer is provided, it must contain "allegations of fact, based either upon personal knowledge or upon information and belief, providing reasonable cause to believe that the defendant committed the offense or offenses charged." CPL § 100.25(2). (See also People v Hohmeyer, 70 NY2d 41, 42-44 [1987]). The failure to file a sufficient supporting deposition renders the simplified traffic information insufficient on its face (see CPL § 100.40(2)), subjecting it to dismissal upon motion (see CPL § 170.30(1)(a); § 170.35(1)).
Courts have noted that "[p]rosecutions by simplified traffic information are governed by standards somewhat different from those applicable to prosecutions by long form information, the most notable being that pleading requirements are far less factually demanding." People v Peraza, 25 Misc 3d 1201(A), 899 NYS2d 62 [Dist Ct, Nassau Cnty 2009] [citing People v Nuccio, 78 NY2d 102, 571 NYS2d 693 [1991]]. Moreover, courts have upheld supporting depositions where the officer's factual narrative rendered it "reasonably likely" that the defendant committed a violation of the VTL. (Id.)
1. VTL § 511(1)(a)
In this case, the defendant is charged with Aggravated Unlicensed Operation of a Motor Vehicle in the Third Degree in violation of VTL § 511(1)(a). VTL § 511(1)(a) provides, in pertinent part, "(a) [a] person is guilty of the offense of aggravated unlicensed operation of a motor vehicle in the third degree when such person operates a motor vehicle upon a public highway while knowing or having reason to know that such person's license or privilege of operating such motor vehicle in this state or privilege of obtaining a license to operate such motor vehicle issued by the commissioner is suspended, revoked or otherwise withdrawn by the commissioner." VTL § 511(1)(a).
To sustain a conviction under VTL § 511(1)(a), the People must prove that the defendant: (1) operated, (2) a motor vehicle, (3) upon a public highway, (4) knowing or having reason to know, (5) that the defendant's license or privilege of operating such motor vehicle in this state or privilege of obtaining a license to operate such motor vehicle issued by the commissioner is suspended, revoked or otherwise withdrawn by the commissioner. (See VTL § 511(1)(a)).
Here, the supporting deposition submitted in support of the simplified traffic information charging a violation of VTL § 511(1)(a) states that the officer "did witness listed operator operating listed vehicle at I/L, a public roadway[,] while the operator knowingly or ha[d] reason to know his NYS license is revoked. The license is revoked 4 on 1 [sic] dates with the last being 9-27-18 for failure to answer a summons. As per NYS DMV records." (Court File). 
As noted above, the defendant first contends that the accusatory instrument charging VTL § 511(1)(a) is facially insufficient because it was not accompanied by a certified Department of Motor Vehicle abstract (see Def.'s Aff. at Point A, at ¶¶ 62-63). 
It is undisputed that a certified copy of the DMV abstract is required to cure any hearsay contained within an accusatory instrument and thereby render it facially sufficient. (See People v Hieronymus, CR-017021-22SU [Dist Ct, Suffolk Cnty Dec. 7, 2023][dismissing accusatory instrument charging unlicensed operation as facially insufficient where not accompanied by DMV abstract]). (Accord, People v Pierre, 157 Misc 2d 812, 599 NYS2d 412 [Crim Ct, NY Cnty 1993] [same] and People v Peterson, 55 Misc 3d 1221(A), 58 NYS3d 875 [NY City Ct, City of Poughkeepsie 2017] [same]).
Here, the defendant argues that there was no certified copy of DMV abstract attached to the accusatory instrument. (See Def.'s Reply at ¶ 5). The defendant further contends that the People failed to attach a copy of the misdemeanor information with the certified DMV abstract as an exhibit to their opposition papers. (Id.) Finally, the defendant notes that while the People may have disclosed a certified copy of the DMV abstract with a misdemeanor information as part of their discovery, they never moved to supercede in court; thus, disclosure as part of discovery does not cure any hearsay contained in the original accusatory instrument. (Id.)
In opposition, the People contend that "the People did file a certified copy of the Defendant's Department of Motor Vehicles driver abstract with the misdemeanor complaint," (see People's Mem. of Law at Point A, p. 15) and the People attached a certified copy of the certified copy of DMV abstract, dated March 27, 2024, to their opposition papers. (See People's Mem. of Law at Ex. Q). However, the People provide no details as to when, where and how such document was filed. (See People's Mem. of Law at Point A, p. 15 & Ex. Q). 
This Court notes that the Court File contains no certified copy of the DMV abstract; nor [*3]does such document appear in the Universal Case Management System ("UCMS"). This Court's review of the minutes of court appearances reveals no mention of the certified abstract, or of the misdemeanor complaint. To the extent the People disclosed a copy of the certified abstract during discovery, this Court concludes that discovery is not the proper vehicle to cure the hearsay problem in the accusatory instrument.
Accordingly, the defendant's motion to dismiss the accusatory instrument charging a violation of VTL § 511(1)(a) on the ground that the accusatory instrument is facially insufficient is GRANTED.
2. VTL § 509(1)
Next, the defendant is charged with Driving Without a License in violation of VTL § 509(1), a violation. VTL § 509(1) provides, in pertinent part, "(1) no person shall operate or drive a motor vehicle upon a public highway of this state ... unless he is duly licensed pursuant to the provisions of this chapter." VTL § 509(1).
To sustain a conviction under VTL § 509(1), the People must prove that the defendant: (1) operated, (2) a motor vehicle, (3) upon a public highway, (4) without being duly licensed. (See VTL § 509(1)).
Here, the supporting deposition submitted in support of the simplified traffic information charging a violation of VTL § 509(1) states that the officer "did witness listed operator operating listed vehicle at I/L, a public roadway[,] while the operator knowingly or ha[d] reason to know his license is invalid. As per NYS DMV records." (Court File).
The defendant contends that the accusatory instrument charging VTL § 509(1) is facially insufficient because (1) it was not accompanied by a certified Department of Motor Vehicle abstract (see Def.'s Aff. at Point B, at ¶¶ 69-76) (2) the supporting deposition is silent as to the defendant's knowledge that his license was suspended (see id., at ¶¶ 69-76).
It is undisputed that a certified copy of the DMV abstract is required to cure any hearsay contained within an accusatory instrument and thereby render it facially sufficient. (See People v Hieronymus, CR-017021-22SU [Dist Ct, Suffolk Cnty Dec. 7, 2023][dismissing accusatory instrument charging unlicensed operation as facially insufficient where not accompanied by DMV abstract]). (Accord, People v Pierre, 157 Misc 2d 812, 599 NYS2d 412 [Crim Ct, NY Cnty 1993] [same] and People v Peterson, 55 Misc 3d 1221(A), 58 NYS3d 875 [NY City Ct, City of Poughkeepsie 2017] [same]). 
Here, the defendant argues that there was no certified copy of DMV abstract attached to the accusatory instrument. (See Def.'s Reply at ¶¶ 15-16). The defendant further contends that the People failed to attach a copy of the misdemeanor information with the certified DMV abstract as an exhibit to their opposition papers. (Id.) Finally, the defendant notes that while the People may have disclosed a certified copy of the DMV abstract with a misdemeanor information as part of their discovery, they never moved to supercede in court; thus, disclosure as part of discovery does not cure any hearsay contained in the original accusatory instrument. (Id.)
In opposition, the People contend that they attached a certified copy of DMV abstract to the accusatory instrument (see People's Mem. of Law at Point B, p. 18) and the People attached a [*4]certified copy of the certified copy of DMV abstract, dated March 27, 2024, to their opposition papers. (See People's Mem. of Law at Ex. Q). However, the People provide no details as to when, where and how such document was filed. (See People's Mem. of Law at Point A, p. 15 & Ex. Q). 
This Court notes that the Court File contains no certified copy of the DMV abstract; nor does such document appear in UCMS. This Court's review of the minutes of court appearances reveals no mention of the certified abstract, or of the misdemeanor complaint. To the extent the People disclosed a copy of the certified abstract during discovery, this Court concludes that discovery is not the proper vehicle to cure the hearsay problem in the accusatory instrument.
Accordingly, the defendant's motion to dismiss the accusatory instrument charging a violation of VTL § 509(1) on the ground that the accusatory instrument is facially insufficient is GRANTED.
3. VTL § 375(30)
Finally, the defendant is charged with one count of Equipment Violation: Obstructed Vision, in violation of VTL § 375(30), a violation. VTL § 375(30) provides, in pertinent part, "(30) It shall be unlawful for any person to operate a motor vehicle with any object placed or hung in or upon the vehicle, except required or permitted equipment of the vehicle, in such a manner as to obstruct or interfere with the view of the operator through the windshield, or to prevent him from having a clear and full view of the road and condition of traffic behind such vehicle...." VTL § 375(30).
To sustain a conviction under VTL § 375(30), the People must prove that the defendant: (1) operated, (2) a motor vehicle, (3) with any object placed or hung in or upon the vehicle, (4) in such a manner as to obstruct or interfere with the view of the operator through the windshield, or to prevent [the driver] from having a clear and full view of the road and condition of traffic behind such vehicle. (See VTL § 375(30)).
Here, the supporting deposition submitted in support of the simplified traffic information charging a violation of VTL § 375(30) states that the officer "did witness listed operator operating listed vehicle at I/L, a public roadway[,] while the vehicle displayed a tree shaped air freshener hanging from the rear view mirror, causing the operator's view to be obstructed." (Court File). 
This Court concludes that the allegations, if true, sufficiently establish each element of the violation. That is, if the Officer directly observed the defendant operating his motor vehicle on a public highway, while the vehicle displayed a tree-shaped air freshener which obstructed the driver's view. Such allegations sufficiently establish each element of the violation.
This Court rejects the defendant's contention that the allegations are merely conclusory because they do not provide factual allegations to support the charge, specifically, they do not "discuss the size (both the length and width), or color of the air freshener, how far down the windshield the air freshener hangs, whether the operator[']s view out [of] the windshield or rear view mirror is the view that is being obstructed." (See Def.'s Aff. at Point C, at ¶ 80).
Accordingly, the defendant's motion to dismiss the accusatory instrument charging him with a violation of VTL § 375(30) on the ground that the accusatory instrument is facially [*5]insufficient is DENIED.
B. Motion to Dismiss Based on an Alleged Speedy Trial Violation Pursuant to CPL § 30.30
The defendant next moves to dismiss on the grounds that the People have violated his statutory speedy trial rights. (See Def.'s Aff. at ¶¶ 82-95).
1. Applicable Speedy Trial Time Period
Although the top charge against the defendant, VTL § 511.1(a), is an unclassified misdemeanor, the maximum sentence is no more than thirty (30) days; hence, pursuant to CPL § 30.30(1)( c ), the applicable speedy trial time is sixty (60) days. Both parties agree as to the applicable speedy trial time. (See Def.'s Aff. at ¶¶ 83-84; and People's Mem. of Law at Point III, p. 21).
CPL § 30.30(1)( c ) provides, in pertinent part, that a motion to dismiss an accusatory instrument must be granted where the People are not ready for trial within: "sixty days of the commencement of a criminal action wherein the defendant is accused of one or more offenses, at least one of which is a misdemeanor punishable by a sentence of imprisonment of not more than three months and none of which is a crime punishable by a sentence of imprisonment of more than three months." CPL § 30.30(1)( c ). In general, the filing of the accusatory instrument marks the 'commencement' of the case pursuant to CPL § 30.30, unless a statutory exception applies. (See CPL § 30.30(1)(b) and CPL § 1.20[17]). Where, as here, the defendant's appearance was obtained by an appearance ticket, the criminal action is deemed commenced at arraignment. (See CPL § 30.30(7)(b)).
The within criminal action was commenced on June 20, 2023.[FN1]
The People filed their initial CoC/SoR on May 31, 2024.
2. Validity of the People's CoC/SoR
CPL article 245 requires the People to serve and file a CoC with the court prior to stating readiness under CPL § 30.30. (See CPL § 245.50(3)). In order for the People to be ready for trial, the People must: "(1) file a certificate of good faith discovery compliance; (2) file a valid statement of readiness; and (3) certify the facial sufficiency of the accusatory instrument." (People v Ramirez-Correa, Docket CR-018674-20QN [Crim Ct, Queens Cnty 2021]).
In this case, the defendant argues that the People's CoC/SoR, filed and served on May 31, 2024, is invalid insofar as the People failed to comply with the automatic disclosure requirements of CPL § 245.20. (See Def.'s Aff. at ¶¶ 94). Specifically, the defendant contends that the People [*6]have failed to disclose the following: (1) the defendant's NYSID and/or records of judgments and convictions; (2) radio runs for the date of incident, May 31, 2023; (3) body camera footage for all three officers involved in the incident; (4) names and contact information for all three officers involved in the incident; (5) impeachment material for all three officers involved in the incident and (6) memo books for all three officers. (See Def.'s Aff. at ¶¶ 94). 
In opposition, the People contend as follows:
"The People have shown due diligence in obtaining evidence seen on: February 29, 2024, requesting [a] copy of the tickets; March 26, 2024, requesting a copy of Defendant[']s certified abstract; March 26, 2024, requesting body w[o]rn camera and the dashboard camera from the arrest; and requesting availabilities from police officers on multiple occasions."
(People's Mem. of Law at Point II, p. 21).
It is the opinion of this Court that the People's limited response fails to demonstrate good faith and due diligence in obtaining statutorily-required discovery prior to certifying. In particular, in their opposition, the People do not address the defendant's contention that the People failed to provide the defendant's NYSID records, radio runs, names and contact for all witnesses (including the alleged third law enforcement witness), impeachment material for all witnesses (including the alleged third law enforcement witness), and memo book entries for all witnesses (including the alleged third law enforcement witness).
Accordingly, this Court deems the People's May 31, 2024 CoC/SoR to be invalid and thus insufficient to stop the speedy trial clock.
3. Speedy Trial Calculation
As noted above, the defendant contends that the People's CoC/SoR is invalid, and thus all time from commencement upon arraignment on June 20, 2023, until the filing of the instant motion on June 24, 2024, or three-hundred and seventy (370) days is chargeable to the People. (See Def.'s Aff. at ¶ 95).
In opposition, the People argue that no time from arraignment on June 20, 2023, until the filing of the instant motion on June 24, 2024 is chargeable to them. (See People's Mem. of Law at Point III.i-xiv, pp. 21-24). 
This Court addresses the disputed time periods, below.
a. June 20, 2023 until July 19, 2023 (29 days)
The defendant first contends that the time from June 20, 2023 until July 19, 2023 (29 days) is chargeable to the People because the defendant did not give waivers or request the adjournment. (See Def.'s Reply at ¶ 32).
The People contend that this time is excludable from the speedy trial calculation, as the adjournment was at the defendant's request. (See People's Mem. of Law at Point III.i, p. 21). The People do not cite a specific exclusion in support of their contention.
CPL § 30.30(4) expressly lists the periods of time that must be excluded from the speedy trial calculation. Pursuant to CPL § 30.30(4)(b), "continuance[s]... [made] at the request of, or with the consent of, the defendant or his or her counsel" are to be excluded. (See CPL § 30.30(4)(b) ["In computing the time within which the people must be ready for trial pursuant to subdivisions one and two of this section, the following periods must be excluded: (b) the period of delay resulting from a continuance granted by the court at the request of, or with the consent of, the defendant or his or her counsel"]). 
It is this Court's opinion that the time from June 20, 2023 until July 19, 2023 (29 days) is not excludable pursuant to CPL § 30.30(4)(b) merely based upon the fact that, when presented by the court with dates, chose one of three dates. (See People's Mem. of Law at Ex. A, Transcript of Court Appearance, dated June 20, 2023 (hereinafter, 6/20/2024 Tr.") at p. 2, ll. 12-14). 
However, this Court notes that the time from June 20, 2023 until July 19, 2023 (29 days) is excludable from the speedy trial calculation pursuant to CPL § 30.30(4)(f) because the defendant was represented at his arraignment by Counsel at First Appearance ("CAFA") counsel, who was then relieved at the conclusion of the arraignment. (See People's Mem. of Law at Ex. A, 6/20/2024 Tr. at p. 2, ll. 17-21). (See also CPL § 30.30(4)(f)("the period during which the defendant is without counsel through no fault of the court" must be excluded from the speedy trial calculation)). 
Consequently, this Court finds that the time from June 20, 2023 until July 19, 2023 is excludable pursuant to CPL § 30.30(4)( c )( I ).
b. July 19, 2023 until August 23, 2023 (35 days)
The defendant next contends that the time from July 19, 2023 until August 23, 2023 (35 days) is chargeable to the People. (See Def.'s Aff. at ¶ 95).
In opposition, the People contend that this time is excludable because the defendant stated that his retained attorney failed to appear for the court appearance. (See People's Mem. of Law at Point III.ii, p. 22). The People do not cite a specific exclusion in support of their contention.
This Court's review of the transcript of court appearance reveals that the defendant stated that his retained attorney failed to appear for the court appearance. (See People's Mem. of Law at Ex. B, 7/19/2023 Tr. at p. 2, ll. 3-6) ("The Court: Do you have an attorney? The Defendant: Antonia LoBello, I'm retaining her. She asked me to get a date, August 23rd."). Arguably, then, the adjournment was at the defendant's request, and therefore this time is excludable from the speedy trial calculation pursuant to CPL § 30.30(4)(b), as the adjournment was at the defendant's request. Alternatively, given that attorney LoBello had not yet appeared, or otherwise entered a notice of appearance as of the court date, the time is excludable pursuant to CPL § 30.30(4)(f), as the defendant was without counsel through no fault of the court. Courts have applied this exclusion where an attorney fails to appear in court (see People v Mannino, 306 AD2d 157, 157, 761 NYS2d 189 [1st Dep't 2003]) as well as where a defendant is unrepresented and requests an adjournment to retain an attorney (see People v Drake, 205 AD2d 996, 997, 613 NYS2d 961 [3d Dep't 1994]).
Consequently, this Court finds that the time from July 19, 2023 until August 23, 2023 (35 days) is excludable pursuant to CPL §§ 30.30(4)(b) & (f).
c. August 23, 2023 until September 20, 2023 (28 days)
The defendant further contends that the time from August 23, 2023 until September 20, 2023 (28 days) is chargeable to the People because the People provided no transcript of appearance, and thus no proof that the time period is excludable. (See Def.'s Reply at ¶ 33).
In opposition, the People state that they requested minutes from the August 23, 2023, but are awaiting receipt of the same. (See People's Mem. of Law at Point III.iii, p. 22). They further notes that their notes from that date indicate that the defendant did not have an attorney present. (Id.) The People do not cite a specific exclusion in support of their contention.
The People's opposition was submitted on August 1, 2024. As of the date of this Order, the People have not submitted the minutes of the transcript of the court appearance on August 23, 2023.
Consequently, this Court finds that the time the time from August 23, 2023 until
September 20, 2023 (28 days) is chargeable to the People.
d. September 20, 2023 until October 25, 2023 (35 days)
The defendant also contends that the time from September 20, 2023 until October 25, 2023 (35 days) is chargeable to the People. (See Def.'s Aff. at ¶ 95).
In opposition, the People contend that this time is excludable because the defendant again appeared for the court appearance without an attorney. (See People's Mem. of Law at Point III.iv, p. 22). The People do not cite a specific exclusion in support of their contention.
This Court's review of the transcript of court appearance reveals that the defendant appeared for the court appearance without an attorney. (See People's Mem. of Law at Ex. C, 9/20/2023 Tr. at p. 2, ll. 3-5)("The Court: Sir, do you have an attorney? The Defendant: I was talking to Antonia LoBello. I have to put money together."). Thus, given that no attorney had yet appeared, or otherwise entered a notice of appearance as of the court date, this Court concludes that this time is excludable pursuant to CPL § 30.30(4)(f), as the defendant was without counsel through no fault of the court.
Consequently, this Court finds that the time from September 20, 2023 until October 25, 2023 (35 days) is excludable pursuant to CPL § 30.30(4)(f).
e. October 25, 2023 until November 22, 2023 (28 days)
Next, the defendant contends that the time from October 25, 2023 until November 22, 2023 (28 days) is chargeable to the People because, although the defendant was not present, he was not "unavailable" within the meaning of CPL § 30.30(4)( c ). (See Def.'s Reply at ¶ 35).
In opposition, the People argue that this time is excludable from the speedy trial calculation because neither the defendant nor his attorney appeared for the scheduled court appearance. (See People's Mem. of Law at Point III.v, p. 22). The People do not cite a specific exclusion in support of their contention.
Pursuant to CPL § 30.30(4)( c ) ( i ), a defendant is considered "absent" "whenever his location is unknown and he is attempting to avoid apprehension or prosecution, or his location [*7]cannot be determined by due diligence." ([emphases added]). Pursuant to CPL § 30.30(4)( c ) ( i ), a defendant is considered "unavailable" "whenever his location is known but his presence for trial cannot be obtained by due diligence." 
It is this Court's opinion that the time from October 25, 2023 until November 22, 2023 (28 days) is not excludable pursuant to CPL § 30.30(4)( c )( i ). While the defendant was not present in court and there is no evidence that the defendant's appearance was excused, it was the defendant's first unexcused absence/non-appearance. Therefore, there is no evidence from which this Court can conclude that the defendant was attempting to avoid prosecution. (See, e.g., People v Acosta, 76 Misc 3d 868, 873, 174 NYS3d 253, 258 [Crim Ct, Bronx Cnty 2022] [time attributable to defendant's non-appearance excludable from speedy trial calculation pursuant to CPL § 30.30(4)( c )( i ); concluding defendant was "avoiding prosecution" where the defendant appeared three times out of seven dates]). (See also People v Hieronymus, CR-017021-22SU [Dist Ct, Suffolk Cnty, Dec. 7, 2023] [Sachs, J.] [time attributable to defendant's non-appearance excludable from speedy trial calculation pursuant to CPL § 30.30(4)( c )( i ); concluding inference that defendant "intended to avoid prosecution" was proper where the defendant failed to appear for the third time]).
With respect to the attorney's non-appearance, given that no attorney had yet appeared, or otherwise entered a notice of appearance as of the court date, this Court concludes that the time is excludable pursuant to CPL § 30.30(4)(f), as the defendant was without counsel through no fault of the court.
Consequently, this Court finds that the time from October 25, 2023 until November 22, 2023 (28 days) is excludable pursuant to CPL § 30.30(4)(f).
f. November 22, 2023 until December 29, 2023 (37 days)
Moreover, the defendant contends that the time from November 22, 2023 until December 29, 2023 (37 days) is chargeable to the People because, although the defendant was not present, he was not "unavailable" within the meaning of CPL § 30.30(4)( c ). (See Def.'s Reply at ¶ 35).
In opposition, the People argue that this time is excludable from the speedy trial calculation because neither the defendant failed to appear for the scheduled court appearance. (See People's Mem. of Law at Point III.vi, p. 23). The People do not cite a specific exclusion in support of their contention.
Pursuant to CPL § 30.30(4)( c ) ( i ), a defendant is considered "absent" "whenever his location is unknown and he is attempting to avoid apprehension or prosecution, or his location cannot be determined by due diligence." ([emphases added]). Pursuant to CPL § 30.30(4)( c ) ( I ), a defendant is considered "unavailable" "whenever his location is known but his presence for trial cannot be obtained by due diligence." 
It is this Court's opinion that the time from November 22, 2023 until December 29, 2023 (37 days) is not excludable pursuant to CPL § 30.30(4)( c )( i ). While the defendant was not present in court and there is no evidence that the defendant's appearance was excused, it was the defendant's second unexcused absence/non-appearance. There is insufficient evidence from which this Court can conclude that the defendant was attempting to avoid prosecution. (See, e.g., People v Acosta, 76 Misc 3d 868, 873, 174 NYS3d 253, 258 [Crim Ct, Bronx Cnty 2022] [time [*8]attributable to defendant's non-appearance excludable from speedy trial calculation pursuant to CPL § 30.30(4)( c )( i ); concluding defendant was "avoiding prosecution" where the defendant appeared three times out of seven dates]). (See also People v Hieronymus, CR-017021-22SU [Dist Ct, Suffolk Cnty, Dec. 7, 2023] [Sachs, J.] [time attributable to defendant's non-appearance excludable from speedy trial calculation pursuant to CPL § 30.30(4)( c )( I ); concluding inference that defendant "intended to avoid prosecution" was proper where the defendant failed to appear for the third time]).
However, in light of the fact that no attorney had appeared, or otherwise entered a notice of appearance as of the court date, this Court concludes that the time is excludable pursuant to CPL § 30.30(4)(f), as the defendant was without counsel through no fault of the court.
Consequently, this Court finds that the time from November 22, 2023 until December 29, 2023 (37 days) is excludable pursuant to CPL § 30.30(4)(f).
g. December 29, 2023 until January 4, 2024 (6 days)
The defendant likewise contends that the time from December 29, 2023 until January 4, 2024 (6 days) is chargeable to the People. (See Def.'s Aff. at ¶ 95). 
In opposition, the People argue that the defendant was returned on a bench warrant on December 29, 2023, and the court adjourned the matter. (See People's Mem. of Law at Point III.vii, p. 23 & Ex. F). The People do not cite a specific exclusion in support of their contention.
In light of the fact that no attorney had yet appeared, or otherwise entered a notice of appearance as of this court date, this Court concludes that the time is excludable pursuant to CPL § 30.30(4)(f), as the defendant was without counsel through no fault of the court.
Consequently, this Court finds that the time from December 29, 2023 until January 4, 2024 (6 days) is excludable pursuant to CPL § 30.30(4)(f). 
h. January 4, 2024 until February 14, 2024 (41 days)
In addition, the defendant argues that the time from January 4, 2024 until February 14, 2024 (41 days) is chargeable to the People. (See Def.'s Aff. at ¶ 95).
In opposition, the People contend that this time is excludable because the defendant again appeared in court without an attorney. (See People's Mem. of Law at Point III.viii, p. 23). The People do not cite a specific exclusion in support of their contention.
This Court's review of the transcript of court appearance reveals that the defendant stated that his retained attorney failed to appear for the court appearance. (See People's Mem. of Law at Ex. G, 1/4/2024 Tr. at p. 2, ll. 10-13) ("The Court: Do you have an attorney? The Defendant: No, I don't."). Given that no attorney had not yet appeared, or otherwise entered a notice of appearance as of the court date, this Court finds that this time is excludable pursuant to CPL § 30.30(4)(f), as the defendant was without counsel through no fault of the court.
Consequently, this Court finds that the time from January 4, 2024 until February 14, 2024 (41 days) is excludable pursuant to CPL § 30.30(4)(f).
I. February 14, 2024 until February 22, 2024 (8 days)
Next, the defendant contends that the time from February 14, 2024 until February 22, 2024 (8 days) is chargeable to the People because, although the defendant was not present, he was not "unavailable" within the meaning of CPL § 30.30(4)( c ). (See Def.'s Reply at ¶ 35).
In opposition, the People argue that this time is excludable from the speedy trial calculation because the defendant failed to appear for the scheduled court appearance. (See People's Mem. of Law at Point III.ix, p. 23). The People do not cite a specific exclusion in support of their contention.
Pursuant to CPL § 30.30(4)( c ) ( i ), a defendant is considered "absent" "whenever his location is unknown and he is attempting to avoid apprehension or prosecution, or his location cannot be determined by due diligence." ([emphases added]). Pursuant to CPL § 30.30(4)( c ) ( i ), a defendant is considered "unavailable" "whenever his location is known but his presence for trial cannot be obtained by due diligence."
It is this Court's opinion that the time from February 14, 2024 until February 22, 2024 (8 days) is excludable pursuant to CPL § 30.30(4)( c )( i ). While the defendant was not present in court and there is no evidence that the defendant's appearance was excused, it was the defendant's third unexcused absence/non-appearance. Accordingly, based on three non-appearances, there is sufficient evidence from which this Court can conclude that the defendant was attempting to avoid prosecution. (See, e.g., People v Acosta, 76 Misc 3d 868, 873, 174 NYS3d 253, 258 [Crim Ct, Bronx Cnty 2022] [time attributable to defendant's non-appearance excludable from speedy trial calculation pursuant to CPL § 30.30(4)( c )( I ); concluding defendant was "avoiding prosecution" where the defendant appeared three times out of seven dates]). (See also People v Hieronymus, CR-017021-22SU [Dist Ct, Suffolk Cnty, Dec. 7, 2023] [Sachs, J.] [time attributable to defendant's non-appearance excludable from speedy trial calculation pursuant to CPL § 30.30(4)( c )( I ); concluding inference that defendant "intended to avoid prosecution" was proper where the defendant failed to appear for the third time]).
In addition, in light of the fact that no attorney had appeared, or otherwise entered a notice of appearance as of the court date, this Court concludes that the time is excludable pursuant to CPL § 30.30(4)(f), as the defendant was without counsel through no fault of the court.
Consequently, this Court finds that the time from February 14, 2024 until February 22, 2024 (8 days) is excludable pursuant to CPL § 30.30(4)( c )( i ) and CPL § 30.30(4)(f).
j. February 22, 2024 until April 11, 2024 (49 days)
The defendant also contends that the time from February 22, 2024 until April 11, 2024 (49 days) is chargeable to the People. (See Def.'s Aff. at ¶ 95).
In opposition, the People argue that the defendant was returned on a bench warrant on February 22, 2024, and the court adjourned the matter. (See People's Mem. of Law at Point III.x, p. 23). The People do not cite a specific exclusion in support of their contention.
This Court's review of the transcript of court appearance reveals that the defendant stated that his retained attorney failed to appear for the court appearance. (See People's Mem. of Law at Ex. I, 2/22/2024 Tr. at p. 2, ll. 5-6) ("The Court: Do you have an attorney? The Defendant: No, I do not."). Given that no attorney had not yet appeared, or otherwise entered a notice of [*9]appearance as of the court date, this Court finds that this time is excludable pursuant to CPL § 30.30(4)(f), as the defendant was without counsel through no fault of the court.
Consequently, this Court finds that the time from December 29, 2023 until January 4, 2024 (6 days) is excludable pursuant to CPL § 30.30(4)(f).
k. April 11, 2024 until May 9, 2024 (28 days)
The defendant further contends that the time from April 11, 2024 until May 9, 2024 (28 days) is chargeable to the People. (See Def.'s Aff. at ¶ 95).
The People argue that this time is excludable from the speedy trial calculation, as the adjournment was at the defendant's request. (See People's Mem. of Law at Point III.xi, p. 24). The People do not cite a specific exclusion in support of their contention.
CPL § 30.30(4) expressly lists the periods of time that must be excluded from the speedy trial calculation. Pursuant to CPL § 30.30(4)(b), "continuance[s]... [made] at the request of, or with the consent of, the defendant or his or her counsel" are to be excluded. (See CPL § 30.30(4)(b) ["In computing the time within which the people must be ready for trial pursuant to subdivisions one and two of this section, the following periods must be excluded: (b) the period of delay resulting from a continuance granted by the court at the request of, or with the consent of, the defendant or his or her counsel"]). 
This Court's review of the transcript of court appearance reveals that the defendant appeared for the court appearance with a new attorney. (See People's Mem. of Law at Ex. J, 4/11/2024 Tr. at p. 2, ll. 3-5)("[Defense Counsel]: The People did look into the circumstances surrounding the tickets so I'm going to request a date to pull up his abstract and hopefully be able to resolve it."). This Court concludes that the adjournment was at the request of the defendant's counsel. 
Consequently, this Court finds that the time from April 11, 2024 until May 9, 2024 (28 days) is excludable pursuant to CPL § 30.30(4)(b).
l. May 9, 2024 until May 15, 2024 (6 days)
Next, the defendant contends that the time from May 9, 2024 until May 15, 2024 (6 days) is chargeable to the People because, although the defendant was not present, he was not "unavailable" within the meaning of CPL § 30.30(4)( c ). (See Def.'s Reply at ¶ 35).
In opposition, the People argue that this time is excludable from the speedy trial calculation because the defendant failed to appear for the scheduled court appearance. (See People's Mem. of Law at Point III.xii, p. 24). The People do not cite a specific exclusion in support of their contention.
Pursuant to CPL § 30.30(4)( c ) ( i ), a defendant is considered "absent" "whenever his location is unknown and he is attempting to avoid apprehension or prosecution, or his location cannot be determined by due diligence." ([emphases added]). Pursuant to CPL § 30.30(4)( c ) ( i ), a defendant is considered "unavailable" "whenever his location is known but his presence for trial cannot be obtained by due diligence." 
It is this Court's opinion that the time from May 9, 2024 until May 15, 2024 (6 days) is [*10]excludable pursuant to CPL § 30.30(4)( c )( i ). While the defendant was not present in court and there is no evidence that the defendant's appearance was excused, it was the defendant's fourth unexcused absence/non-appearance. Accordingly, based on four non-appearances, there is sufficient evidence from which this Court can conclude that the defendant was attempting to avoid prosecution. (See, e.g., People v Acosta, 76 Misc 3d 868, 873, 174 NYS3d 253, 258 [Crim Ct, Bronx Cnty 2022] [time attributable to defendant's non-appearance excludable from speedy trial calculation pursuant to CPL § 30.30(4)( c )( I ); concluding defendant was "avoiding prosecution" where the defendant appeared three times out of seven dates]). (See also People v Hieronymus, CR-017021-22SU [Dist Ct, Suffolk Cnty, Dec. 7, 2023] [Sachs, J.] [time attributable to defendant's non-appearance excludable from speedy trial calculation pursuant to CPL § 30.30(4)( c )( I ); concluding inference that defendant "intended to avoid prosecution" was proper where the defendant failed to appear for the third time]).
Consequently, this Court finds that the time from May 9, 2024 until May 15, 2024 (6 days) is excludable pursuant to CPL § 30.30(4)( c )( i ).
m. May 15, 2024 until June 3, 2024 (19 days)
The People apparently concede that the time from May 15, 2024 until May 31, 2024 is chargeable to them. (See People's Mem. of Law at Point III.xii, p. 24).
As this Court has determined that the People's CoC/SoR, filed on May 31, 2024, is invalid, it is insufficient to have stopped the speedy trial clock on May 31, 2024.
Consequently, this Court finds that the time from May 15, 2024 until June 3, 2024 (19 days) is chargeable to the People.
n. June 3, 2024 until June 24, 2024 (21 days)
Finally, the defendant contends that the time from June 3, 2024 until June 24, 2024 (21 days) is chargeable to the People. (See Def.'s Aff. at ¶ 95).
In opposition, the People argue that this time is excludable from the speedy trial calculation because the defendant requested a trial on May 15, 2024, and on June 3, 2024, the court set a trial date. (See People's Mem. of Law at Point III.xiii, p. 24 & Ex. N). The People do not cite a specific exclusion in support of their contention.
As it is undisputed that the defendant requested a trial on May 15, 2024, and on June 3, 2024, the court set a trial date, the time from June 3, 2024 until June 24, 2024 (21 days) is excludable pursuant to CPL § 30.30(4)(a).
Consequently, this Court finds that the time from June 3, 2024 until June 24, 2024 (21 days) is excludable pursuant to CPL § 30.30(4)(a).
Based on the foregoing, this Court concludes that there are a maximum of forty-seven (47) days [the time from August 23, 2023 until September 20, 2023 (28 days) and the time from May 15, 2024 until June 3, 2024 (19 days)] elapsed on the speedy trial clock, and thus, the defendant's motion to dismiss the accusatory instruments based on a speedy trial violation is DENIED.
C. Motion to Strike and/or Dismiss For Failure to Certify Pursuant to CPL § 30.30(5-a)
The defendant next moves to strike and/or dismiss the People's May 31, 2024 CoC/SoR based upon the People's failure to comply with the certification requirements of CPL § 30.30(5-a). (See Def.'s Aff. at ¶¶ 96-99).
As this Court has found that the People's May 31, 2024 CoC/SoR is invalid for the reasons discussed above, the defendant's motion to strike and/or dismiss the People's May 31, 2024 CoC/SoR based upon the People's failure to comply with the certification requirements of CPL § 30.30(5-a) is DENIED as moot.
D. Motion to Dismiss in the Interest of Justice Pursuant to CPL §170.30(1)(g)
Next, the defendant moves to dismiss all charges in the interest of justice pursuant to CPL §170.30(1)(g). (See Def.'s Aff. at ¶¶ 100-119). Specifically, the defendant contends that the body camera footage of the stop of the defendant's vehicle clearly shows the defendant's wife, not the defendant, in the driver's seat of the vehicle. (Id. at ¶¶ 111-113 & Ex. E).
In their opposition papers, the People argue that Officer Lanoce will testify that he observed the defendant — not his wife — drive the vehicle. (See People's Mem. of Law at Point IV, p. 27).
Based upon the People's representation that Officer Lanoce will testify that he observed the defendant himself drive the vehicle, the defendant's motion to dismiss in the interest of justice is DENIED.
E. Motion to Suppress Evidence and Statements Pursuant to CPL §§ 710.20(3)
Next, the defendant has moved, pursuant to CPL §§ 710.20(3)(4) and 710.60, to suppress any and all tangible, non-tangible and testimonial fruits, or in the alternative, for a Mapp/Dunaway/Ingle hearing. (See Def.'s Aff. at ¶¶ 120-126).
The defendant's motion for a Dunaway/Ingle hearing is GRANTED, upon the consent of the People. (See People's Mem. of Law at Point VI, p. 28). The defendant's motion for a Mapp hearing is GRANTED, to the extent the People seek to introduce physical evidence. The defendant's motion to suppress any and all tangible, non-tangible and testimonial fruits is DENIED, subject to renewal after hearing.
In addition, the defendant has moved to suppress any statements given by the defendant obtained in violation of the defendant's constitutional rights and/or for a Huntley hearing. (See Def.'s Aff. at ¶¶ 120-126).
The defendant's motion for a Huntley hearing is GRANTED, upon the consent of the People. (See People's Mem. of Law at Point V, p. 28). The defendant's motion to suppress statements is DENIED, subject to renewal after hearing.
F. Motion for a Pre-trial "Voluntariness" Hearing
The defendant next seeks pre-trial "voluntariness" hearings with respect to certain statements made by the defendant, namely, any statements sought to be used on cross-[*11]examination. (See Def.'s Aff. at ¶¶ 129-136).
In their opposition papers, the People consent to such hearing. (See People's Mem. of Law at Point V, p. 28).
Accordingly, the defendant's motion for a pre-trial voluntariness hearing is GRANTED, upon the consent of the People.
G. Motion to Preclude the Admission of Evidence Pursuant to CPL § 710.30
In addition, the defendant moves to preclude the People from introducing any statement or identification testimony at trial for which proper notice was not given pursuant to CPL § 710.30(3). (See Def.'s Aff. at ¶¶ 137).
In their opposition papers, the People concede that notice was not properly given. (See People's Mem. of Law at Point VIII, p. 28).
Therefore, the defendant's motion to preclude the People from introducing any statement or identification testimony at trial for which proper notice was not given pursuant to CPL § 710.30(3) is GRANTED.
H. Motion for Discovery Pursuant to CPL § 245.20(1)(k) and Brady v Maryland, 373 US 83 [1963]
The defendant's motion, pursuant to CPL § 245.20(1)(k) and Brady v Maryland, 373 US 83 [1963], for discovery of Brady material is GRANTED to the extent that, in the event that, in exercising its obligation of due diligence, the People obtain or discover any exculpatory materials, then the People are required to promptly disclose such exculpatory materials to the defendant to the extent they have not already done so. (See Def.'s Aff. at ¶¶ 138-139).
I. Motion for a Hearing Pursuant to People v Sandoval, 34 NY2d 371 [1974]
The defendant's motion for a Sandoval hearing is GRANTED, upon the consent of the People. (See People's Mem. of Law at Point X, p. 29; Def.'s Aff. at ¶ 141). 
J.Motion for an Order Directing the People to Seek a Hearing Pursuant to People v Ventimiglia, 52 NY2d 350 [1981]
The defendant's motion for a Ventimiglia/Molineux hearing is GRANTED, upon the consent of the People. (See People's Mem. of Law, Point XI, p. 29; Def.'s Aff., ¶ 142).
K. Motion for Leave to File Additional Motions as Necessary
Finally, the defendant's motion for leave to file additional motions is GRANTED, but only to the extent permitted by CPL § 255.20(3). (See Def.'s Aff. at ¶ 143).
By reason of the foregoing, the defendant's motion to dismiss the accusatory instruments pursuant to CPL §§ 100.15 and 100.40 as facially insufficient is GRANTED as to the accusatory [*12]instruments charging violations of VTL §§ 511(1)(a) and 509(1), but DENIED as to the accusatory instrument charging a violation of VTL § 375(30). The defendant's motion to strike the People's CoC/SoR is GRANTED. The defendant's motion to dismiss the accusatory instrument pursuant to CPL § 30.30 based upon an alleged speedy trial violation is DENIED. The defendant's motion to dismiss the accusatory instrument based upon an alleged failure to comply with the certification requirements of CPL § 30.30(5-a) is DENIED, as moot. The defendant's motion to dismiss the accusatory instrument pursuant to CPL § 30.30 in the interest of justice is DENIED. The defendant's motion to suppress any and all tangible, non-tangible evidence, or testimonial fruits, pursuant to CPL §§ 710.20(3), (4), 710.60 is DENIED, subject to renewal after hearing. The defendant's motion for a Mapp/Dunaway/Ingle hearing is GRANTED. The defendant's motion to suppress statements is DENIED, subject to renewal after hearing. The defendant's motion for a Huntley hearing is GRANTED. The defendant's motion for a pre-trial "voluntariness" hearing for any statements sought to be used only on cross-examination of the defendant pursuant to CPL §§ 60.45, 710.20(3) is GRANTED. The defendant's motion to preclude the admission of evidence under CPL § 710.30 is GRANTED. The defendant's motion for discovery pursuant to CPL § 245.20(1)(k) and Brady v Maryland, 373 US 83 [1963] is GRANTED. The defendant's motion for a hearing pursuant to People v Sandoval, 34 NY2d 371 [1974] is GRANTED. The defendant's motion for an order directing the People to seek a hearing pursuant to People v Ventimiglia, 52 NY2d 350 [1981] is GRANTED. The defendant's motion for leave to file additional motion as necessary is GRANTED, to the extent indicated herein.
This shall constitute the decision and Order of the Court.
Dated: September 19, 2024
HON. ERIC SACHS, J.D.C.

Footnotes

Footnote 1:Courts have held that, for speedy trial purposes, the speedy trial time begins to run on the day following the commencement of the criminal action. See People v Stiles, 70 NY2d 765, 520 NYS2d 745 [1987]. In this case, the speedy trial clock would start to run on June 21, 2023.